[Civ. No. 12982.   First Dist., Div. One.   Feb. 25, 1946.]

EUGENE OJEDA, Appellant, v. THE MUNICIPAL COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Charles A. Christin for Appellant.

G. D. Schilling and W. J. Kirkpatrick for Respondent.

SCHOTTKY, J. pro tem.—Appellant petitioned the superior court for a writ of prohibition to prevent the municipal court from entering a summary judgment against him in an action to renew a money judgment theretofore obtained against him. Following the issuance of an alternative writ and the filing of an answer, a trial was had, and the superior court rendered judgment against appellant denying him the

relief sought. This appeal is from said judgment and is presented upon the judgment roll.

We shall review briefly the undisputed factual situation as shown by the record. The complaint in the municipal court action was filed, and summons was issued, on September 27, 1939. On December 6, 1944, appellant made a motion to dismiss said action under section 583 of the Code of Civil Procedure upon the ground that the action had not been brought to trial within five years. No stipulation in writing was ever entered into between the parties extending the time of trial. In opposition to said motion, H. C. Winklemen, plaintiff in said action, filed affidavits showing that during the years 1940, 1941, 1942, 1943, and a considerable part of 1944, appellant was absent from the state and a resident of Nevada, and that because of his continued absence from this state it was impossible to obtain valid personal service of summons on him and bring the action to trial within the five-year period; and, further, that said plaintiff was unable to locate any property of appellant within this state and that, therefore, service of summons by publication would have been an idle act. This motion to dismiss was denied on January 11, 1945, and on January 20, 1945, appellant filed his answer to the complaint in the municipal court action, in which he pleaded as a defense that the municipal court was without jurisdiction except to dismiss the action. On February 13, 1945, plaintiff Winklemen filed a motion for summary judgment, and appellant filed his second motion to dismiss, based also on the provisions of section 583. A hearing was had upon the motion for summary judgment, during which the full record of all the proceedings theretofore had before another judge of the municipal court relating to the hearing and determination of appellant's first motion to dismiss was placed before the court. At the conclusion of this hearing the judge stated that he was prepared to grant the motion for summary judgment, and would enter judgment the next day—February 14, 1945. Thereafter, on February 15, 1945, appellant's second motion to dismiss was denied.

In support of his contention that the superior court erred in denying the writ of prohibition, appellant relies upon the second sentence of section 583 of the Code of Civil Procedure, which, at the time here involved, read as follows: "Any action heretofore or hereafter commenced *shall be dismissed* by the court in which the same shall have been com-

menced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended." (Italics added.)

The principal, and in fact the only, contention made by appellant in his brief is that the five-year rule for dismissal provided for in said section is mandatory; that the only exception to its operation is the one noted in the section, namely, that a written stipulation has been entered into between the parties extending the time of trial; and that, therefore, since the action was not brought to trial within five years after the commencement thereof, and there was no written stipulation extending the time of trial, it was mandatory upon the municipal court to dismiss the action. In support of this contention, appellant quotes the following language from the recent case of *Smith* v. *Bear Valley Milling & Lumber Co.*, 26 Cal.2d 590, 599 [160 P.2d 1, 6]:

"In *Miller & Lux, Inc.* v. *Superior Court* (1923), *supra*, 192 Cal. 333 [219 P. 1006], it is said that (p. 338) 'An examination of the cases construing section 583, *supra*, discloses that no case decided by this court has held that anything short of a written stipulation extending in express terms the time of trial to a date beyond the five-year period, or expressly waiving the right to a dismissal under that section, will suffice to toll the running of the statutory time. . . . [p. 340] The provision that a written stipulation be entered into was intended to preclude all disputes, with their attendant charges and counter-charges of overreaching and unethical conduct, by a requirement that clear and uncontrovertible evidence be presented to the court that the statutory time was deliberately intended to be extended by both parties.' "

However, in the case relied on by appellant, and also in *Miller & Lux, Inc.* v. *Superior Court*, quoted from therein, the question before the court was whether a written stipulation extending the time of trial had been entered into within the meaning of the exception specified in said section 583, and the language of the court quoted by appellant was, of course, directed to the point then under consideration.

There is nothing in either of the cases cited by appellant that qualifies or overrules the many decisions which have recognized exceptions to the five-year rule stated in section 583 other than the one specified in the section.

In *Judson* v. *Superior Court*, 21 Cal.2d 11 [129 P.2d 361], which was a proceeding in prohibition, petitioners sought to restrain the trial court from proceeding against them. They had filed in the trial court a motion to dismiss the action for want of prosecution by reason of the fact that five years had elapsed since the filing thereof, but the motion had been denied on a showing that the defendants had either secreted themselves within the state to prevent service of summons or had resided outside of the state, by reason of which the court was powerless to proceed to trial in said action. In holding that the five-year rule set forth in section 583 was not controlling, our Supreme Court said, at page 14: ". . . The rule is not so rigid as to be without exception, and an action should not be dismissed when, as a result of the conduct or action of a defendant, the plaintiff may not proceed to trial with reasonable certainty that a judgment would conclusively determine the rights of the parties." Continuing, the court said: "Under these circumstances, to require the plaintiffs to take the uncertain path of publication of summons against defendants who, they had been informed, were non-residents, would reward subterfuge and make dishonesty profitable. The courts have recognized that the statute relating to dismissals although mandatory in form, should not be applied where, although the defendant was not guilty of acts tending to obstruct the administration of justice, it would have been impracticable for the plaintiff to have brought the action to trial. (*Christin* v. *Superior Court*, 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153]; *Estate of Morrison*, 125 Cal.App. 504 [14 P.2d 102]; and *Kinard* v. *Jordan*, 175 Cal. 13 [164 P.2d 894].) The facts of the present case show much greater justification for an exception to the statutory requirement than those heretofore presented as the basis for an order denying a motion to dismiss.''

In *Carmichael* v. *Superior Court*, 55 Cal.App.2d 406 [130 P.2d 725], it was shown also that the defendant was out of the state, and in denying the petition for a writ of mandate the court, after quoting from the Judson case, said, at page 408: "That language is applicable to the instant case for it would have been impracticable for plaintiff to bring this action to trial. Service of summons on defendant by publication would have been an idle act as no money judgment could have been based upon such service, and it is not shown or contended that defendant had property within the state. Other cases also

hold that there may be circumstances which constitute exceptions to the rule of section 583, *supra,* requiring a dismissal when a case is not brought to trial within five years.''

In *Christin* v. *Superior Court,* 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153], the court held that dismissal is mandatory after five years, under section 583, unless circumstances in some way interrupted the running of the period; and because in that case an appeal from an order changing venue was pending for three years during the five-year period, it held that the statute did not run, as it was impossible for plaintiff to bring the case to trial—that there are implied exceptions to the rule. The court said, at page 532: ''The purpose of the statute is plain: to prevent *avoidable* delay for too long a period. It is not designed arbitrarily to close the proceeding at all events in five years, for it permits the parties to extend the period without limitation, by written stipulation. And, as we have already pointed out, despite the mandatory language implied exceptions are recognized.''

■ Upon the oral argument counsel for appellant sought to distinguish the Judson and Carmichael cases upon the ground that in those cases the defendant was out of the state for the full five-year period, whereas in the instant case the defendant was absent from the state for only four years and a portion of the fifth. We do not believe that the cited cases should be given so narrow a construction as to hold that they require the absence of defendant from the state to be for the full five-year period, but we believe that the true test is whether the plaintiff has had a reasonable opportunity to bring the action to trial. There is no evidence in the present record as to when appellant returned to this state, and no evidence that it was possible to serve summons upon him and bring the case to trial within the five-year period. ■ The question of whether plaintiff has had a reasonable opportunity to bring the case to trial, is for the trial court to decide upon the facts of the particular case, and the determination of the trial court will not be disturbed if there is substantial evidence to support it.

■ We are convinced that the municipal court was fully justified, upon the record before it, in denying appellant's motion to dismiss the action, and that the superior court did not err in denying a writ of prohibition.

■ Upon the oral argument counsel for appellant also called the attention of the court to the fact that at the 1945

session of the Legislature section 583 had been amended by adding to the sentence hereinbefore set forth the following: " . . . and except where it be shown that the defendant has been absent from the State or concealed therein and his whereabouts unknown to plaintiff and not discoverable to said plaintiff upon due diligence, in which event said period of absence or concealment shall not be a part of said five-year period." (Stats. 1945, ch. 1310, p. 2460.) Counsel argued that the addition of this clause was persuasive evidence that the Legislature intended that it should be mandatory to dismiss after the expiration of five years where there was no stipulation in writing extending the time. However, in the case of *Union League Club* v. *Johnson,* 18 Cal.2d 275 [115 P.2d 425], cited with approval in *Standard Oil Co.* v. *Johnson,* 24 Cal.2d 40 [147 P.2d 577], our Supreme Court said, at pages 278-279: "As against these contentions, the respondent takes the position that because the legislature in 1939 expressly amended the statute to impose a tax upon social clubs, this court should construe the former law as not including them. This statement is based upon the general rule that courts ordinarily assume from a new enactment, a legislative purpose to change the existing law. (*People* v. *Weitzel,* 201 Cal. 116 [225 P. 792, 52 A.L.R. 811] ; *Loew's Inc.* v. *Byram,* 11 Cal.2d 746 [82 P.2d 1].) But in view of the fact that at the time this amendment was made, social clubs were resisting the collection of sales taxes, a legislative intent to clarify rather than to change the law, may well be inferred."

We do not agree with this contention of appellant. As we view the matter, the Legislature, in adding the 1945 amendment to section 583, was seeking to clarify the law to make it conform to the various court decisions construing it, and to express in clearer terms what must have been the intention of the Legislature when it was originally enacted. For we do not believe that it was ever the intention of the Legislature to enact a statute that would compel the dismissal of an action which plainiff had not had a reasonable opportunity to bring to trial.

The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 25, 1946.