[Civ. No. 8671. Third Dist. Jan. 3, 1955.]

CLARA P. DeMOTA et al., Petitioners, v. SUPERIOR COURT OF CALAVERAS COUNTY, Respondent; HARRY SEARS et al., Real Parties in Interest.

Jones, Lane, Weaver & Daley and Jerome Politzer for Petitioners.

Cornish & Cornish and Francis T. Cornish for Respondent and Real Parties in Interest.

PEEK, J.—Petitioners seek to restrain the respondent superior court from further proceeding in action number 3098 entitled "HARRY SEARS and HARRY SEARS, as Trustee, NEVADA INVESTMENT AND FINANCE CORPORATION, a corporation, as Trustee, CALAVERAS CENTRAL MINING CORPORATION, a corporation, and CALAVERAS CENTRAL GOLD MINING CO., LTD., a corporation, Plaintiffs, *versus* CLARA P. DEMOTA, E. O. ERICKSON, and E. O. ERICKSON, as Trustee, FIRST DOE, SECOND DOE, RICHARD ROE COMPANY, and JOHN DOE COMPANY, Defendants" now pending in said court.

By their action plaintiffs sought to have certain promissory notes and deeds of trust, wherein Erickson was named as trustee and DeMota was named as beneficiary, adjudged satisfied and discharged and plaintiffs' title to the trust deeded

lands quieted as against the claims of said defendants. On March 23, 1954, petitioners herein filed their notice of motion to dismiss said action for lack of prosecution. The motion was denied on June 3, 1954, and on the same day respondent court set the cause for trial. Thereafter petitioners sought relief by prohibition in this court, alleging that approximately nine years and seven months had elapsed since said action number 3098 was filed on December 9, 1944; that during all of said time, except for the period from September, 1942, to October, 1945, when he was in the armed forces of this country, Erickson has been a practicing attorney, maintaining his offices in this state; that he was served with process in said action on October 14, 1947, and that he entered his appearance on September 19, 1949; that the time elapsing between the date of the service on him and the filing of said petition in prohibition has been six years and approximately seven months; that at all times since the filing of said action 3098 DeMota has been a resident of the Dominican Republic; that she was served by publication of summons which was completed on November 28, 1947; that she first appeared by demurrer on September 19, 1949; that it has been six years and seven months since completion of service of process upon her by publication; that it has been four years and approximately 10 months since her appearance in said action to the date of the filing of said petition for prohibition; and that at all times since the last mentioned date she has been represented by an attorney of record. The petition further alleged that the parties had filed no stipulation in writing extending the time for trial and that the failure to proceed to trial has been caused solely by a lack of due diligence on the part of plaintiffs. Petitioners also charge that the same issues were raised and the same relief is being sought in said action number 3098 as was sought in two previous proceedings, one of which was dismissed and the other of which proceeded to final determination in the Supreme Court. (*Roesch* v. *De Mota,* 24 Cal.2d 563 [150 P.2d 422].) That in said last mentioned case said notes were adjudged to be valid and not subject to cancellation, but that the interest was usurious and the court ordered the same reduced. The pertinent portion of the applicable statute, section 583 of the Code of Civil Procedure, is as follows:

"The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for

two years after action is filed to bring such action to trial, except where it be shown that defendant has been absent from the State or concealed therein and his whereabouts unknown to plaintiff and not discoverable to said plaintiff upon due diligence, in which event said period of absence or concealment shall not be part of said two-year period. When, however, such defendant has, or has had, an attorney of record for a sufficient time to enable the action to have been tried if the plaintiff had acted with due diligence, such period of absence or concealment shall be a part of said two-year period. Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended and except where it be shown that the defendant has been absent from the State or concealed therein and his whereabouts unknown to plaintiff and not discoverable to said plaintiff upon due diligence, in which event said period of absence or concealment shall not be a part of said five-year period. . . .''

As the court held in *Hibernia Sav. & Loan Soc.* v. *Lauffer,* 41 Cal.App.2d 725 at 729 [107 P.2d 494],

"The purpose of said section 583, as indicated in *Romero* v. *Snyder, supra,* [167 Cal. 216 (138 P. 1002)] at page 219 was 'to fix: 1. A minimum period within which mere delay is not deemed to be sufficient cause; 2. An immediately ensuing interval of three years, during which the court, in its discretion, may adjudge it sufficient; and, 3. A maximum period of five years, upon the expiration of which, the delay is declared to be sufficient as a matter of law and the dismissal is made mandatory.' The dismissal was entered here after two years had elapsed and before five years had elapsed from the time of the filing of the action and therefore within the period in which the court admittedly had the power to dismiss the action in the exercise of its discretion."

Respondent contends that although the statutory time has run as to the petitioner Erickson, nevertheless by a stipulation made June 14, 1949, said period was extended as to the said Erickson thereby bringing the case within the stated statutory exceptions. Our examination of the record has disclosed no stipulation of any kind in writing or having been

filed with the clerk, extending the time for trial. All that we have found is a photostatic copy of a letter appearing in respondent's return to the petition addressed to respondent's counsel from Erickson's attorney stating that he would be willing to so stipulate; however, nothing appears to have been done pursuant to that offer.

■ Respondent, in an endeavor to come within one or more of the exceptions to the mandatory provisions of said section, refers to the numerous pleadings which have been filed in this case, delay in the giving of notices, etc. However, since the amendment to section 583 in 1933 such matters standing alone are insufficient. In *De Roode* v. *County of Placer,* 112 Cal.App.2d 859 [247 P.2d 390], where a like contention was made, this court held that if the period could be extended by the filing of amended or supplemental pleadings, a party could keep the action alive indefinitely thereby completely nullifying the purpose of the act—to prevent avoidable delay for a too long period of time. (*Rose* v. *Knapp,* 38 Cal.2d 114 [237 P.2d 981].) ·■ The court in the Rose case, quoting from the earlier case of *Christin* v. *Superior Court,* 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153], noted that the act was not designed to arbitrarily close the proceeding at all events in five years, and is subject to certain exceptions such as where it was impossible to proceed to trial or where such would be impracticable and futile. But as the court therein held, ''What is impossible, impracticable or futile must, of course, be determined in the light of the facts of the particular case.'' Plaintiffs have not shown facts sufficient to bring themselves within the exceptions noted in the cited cases, and hence the application of the five-year provision becomes mandatory as regards the petitioner Erickson, and the order of the trial court as to him must be reversed. (38 Cal.2d 114.)

However, since the five-year period had not run as to the petitioner DeMota, the order of the trial court as to her must be sustained unless it can be said that such order .was abuse of the discretion lodged with the court by virtue of the provisions of section 583.

The uncontradicted facts as regards DeMota show that the five-year period had not run at the time of the filing of said petition in prohibition. But petitioners, in support of their contention that the trial court did abuse its discretion, contend that plaintiffs could have had complete relief against Erickson as trustee alone since he was present in the state

and available for trial for longer than the statutory period, therefore plaintiffs did not proceed with diligence and the motion should be granted as to DeMota. Furthermore they contend that the failure of plaintiffs to serve DeMota in one of the previous cases and the fact that the litigation has been continuous for more than 20 years makes it more and more difficult to have witnesses available, hence the lack of due diligence on the part of plaintiffs was amply established.

It is also the petitioners' contention that if, as they insist, the action must be dismissed as to Erickson, then such dismissal disposes of the entire proceeding since no action may be maintained against the beneficiary alone. We do not construe the cases relied upon by petitioners to so hold. It is true our courts have held that an action to set aside a deed of trust may be maintained against a trustee alone and a determination as to the validity of the trust instrument will be binding on the beneficiary even though not a party to the action. Thus while it may be true that plaintiffs could have had complete relief against Erickson, we do not believe it necessarily follows that they were compelled so to do, nor has counsel cited any authority so holding.

 If, as the court held in *Pacific S. & L. Co. v. North American Bond & Mtg. Co.*, 37 Cal.App.2d 307 [99 P.2d 355], a trustee under an ordinary deed of trust is not a " 'trustee at all in a technical sense' " but is more of a "common agent of both parties" and if he "possesses no powers and no interest which are beyond the reach of the parties creating the same" or of their successors in interest, then we can perceive no valid reason why in the present case Erickson is a necessary party and why the action could not proceed against DeMota alone.

The writ is granted as to the defendant Erickson and denied as to the defendant DeMota.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied January 25, 1955, and petitioner's (DeMota) application for a hearing by the Supreme Court was denied March 3, 1955.