[Civ. No. 22570.   Second Dist., Div. Three.   May 22, 1958.]

LELAND ROBERT LEWIS, Appellant, v. HERMAN GREENSPUN, Respondent.

Herschel E. Champlin for Appellant.

William Strong for Respondent.

VALLÉE, J.—Appeal by plaintiff from an order dismissing the action under section 583 of the Code of Civil Procedure. The order was made as to other named defendants; however, the appeal is taken from the order dismissing as to defendant Greenspun only.

The action is in personam. The cause of action alleged is a conspiracy between defendant Greenspun, called defendant, and other defendants to convert plaintiff's boat for use in smuggling a cargo of arms and ammunition out of the United States and shipping it from Mexico to Israel. It is alleged defendants forcibly seized the boat and converted it to their own use.

The following is the chronological history of the cause:

June 26, 1950, complaint filed and summons issued.

July 6, 1950, defendant served with summons and complaint.

September 1, 1950, service of summons quashed on motion of defendant, represented by counsel.

June 14, 1951, action first set for trial for March 24, 1952.

March 24, 1952, cause ordered off calendar on court's own motion subject to resetting after 30 days.

August 8, 1952, alias summons issued.

November 9, 1953, alias summons and complaint served on defendant by personal service within the jurisdiction.

November 24, 1953, alias summons and return of service filed.

December 21, 1953, demurrer to complaint filed on behalf of defendant by his present counsel.

December 23, 1953, counsel for plaintiff and counsel for defendant stipulate that the hearing on the demurrer be continued to January 29, 1954.

January 29, 1954, by stipulation between counsel for plaintiff and counsel for defendant, demurrer ordered off calendar.

February 25, 1954, plaintiff served on counsel for defendant and filed notice of motion for leave to file an amended complaint. In an affidavit filed in support of the motion plaintiff stated: "Further that some delay has been occasioned herein for reasons set forth above, and the fact that your affiant was in Honolulu, Hawaii, from about Dec. 1st, 1949 to the approximate date of June 15th, 1952, during which time your affiant was without funds to return to California for conferences with counsel, and further delay resulted from your affiant's residence and employment in the vicinity of Carmel, California, at considerable distance from offices of his respective counsel, now therefore, he states that if leave is allowed to amend his Complaint, your affiant is ready and able to proceed with the disposition of said cause of action as soon as Motion can be heard and his case again set for trial."

March 5, 1954, motion to file amended complaint ordered off calendar.

March 19, 1954, notice of motion to restore to calendar and hear motion for leave to file amended complaint served on counsel for defendant and filed.

March 24, 1954, motion for leave to file amended complaint granted.

May 6, 1954, notice of ruling on motion to file amended complaint served on counsel for defendant and filed.

July 26, 1954, defendant, represented by his present counsel, served on counsel for plaintiff and filed demurrer to amended complaint and motion to strike parts thereof; defendant's counsel gave plaintiff's counsel notice that the demurrer and motion to strike would be heard August 13, 1954.

August 13, 1954, counsel for plaintiff present, hearing of demurrer and motion to strike continued to September 8, 1954.

September 8, 1954, plaintiff served on counsel for defendant and filed memorandum in opposition to demurrer and motion.

September 8, 1954, counsel for plaintiff and defendant being present, demurrer overruled, motion to strike denied.

October 20, 1954, defendant, by his present counsel, filed answer to amended complaint and a counterclaim.

December 8, 1954, plaintiff filed memorandum for setting for trial.

December 14, 1954, defendant, by his attorney, served and filed a demand for a jury trial.

November 25, 1955, cause set for trial for March 6, 1956.

January 25, 1956, plaintiff served on defendant's attorney notice that cause was set for jury trial on March 6, 1956.

February 2, 1956, defendant filed notice of motion to dismiss, one of the grounds being that the action had not been brought to trial within five years after plaintiff had filed his action.

February 15, 1956, opposition to motion to dismiss filed in which it was stated: "Beginning with Nov. 24, 1953, defendant obtained a stipulation for continuance to demur or answer. After demurrer was filed, plaintiff amended his complaint after motions were noticed, continued by stipulation at request of said defendant now joined by defendant Rosenblum, and heard on March 24, 1954. Defendant Ives filed his answer to amended complaint on June 15, 1954. Defendants Rosenblum and Greenspun obtained additional time by oral stipulation to October 20, 1954, on which date they filed answers after exhausting a series of motions to strike and demurrers were filed. Said extensions of time were given defendants Rosenblum and Greenspun as the usual courtesy to counsel upon representations that his secretary was ill or that he had other pressing cases on trial. Many reasons were assigned and many continuances were given. Plantiff's memorandum of setting was filed Dec. 8, 1954, as aforesaid." In an affidavit in opposition, counsel for plaintiff stated: "While the above delays may not constitute legal excuses according to the authorities, they were beyond the control of plaintiff, except for the usual courtesy extended by continuances to other counsel, and therefore are assigned as equitable defenses to the said motion and which total approximately two years of the five year period, exclu-

sive of the three plus years Greenspun was absent from the state and could not be served in this case.''

February 29, 1956, motion to dismiss granted. Plaintiff appeals from the order of dismissal as to defendant Greenspun.

Defendant was at all times a resident of and engaged in business in the State of Nevada. It appears without conflict that from the commencement of the action to the filing of the motion to dismiss he was out of the state of California about three years, four months, and thirteen days.

Plaintiff contends the court erred in dismissing the action as to defendant Greenspun. He claims that as defendant was a resident of Nevada and service of summons and complaint could not be made on him for three years, four months, and thirteen days, the case falls within the express exception to the five-year rule under section 583 of the Code of Civil Procedure; that to include this period as part of the five years was an abuse of the court's discretion.

Section 583 of the Code of Civil Procedure in pertinent part provides:

''Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended and except where it be shown that the defendant has been absent from the State or concealed therein and his whereabouts unknown to plaintiff and not discoverable to said plaintiff upon due diligence, in which event said period of absence or concealment shall not be a part of said five-year period. *When, however, such defendant has, or has had, an attorney of record for a sufficient time to enable the action to have been tried if the plaintiff had acted with due diligence, such period of absence or concealment shall be a part of said five-year period.*'' (Emphasis added.)

There is no issue as to a written stipulation extending the time of trial beyond the five-year period since no such stipulation was ever entered into.

■ Section 583 is mandatory when applicable. (*Andersen v. Superior Court,* 187 Cal. 95, 97 [200 P. 963].) ■ The statute does not contemplate excluding from the five-year period the time necessary for the service of process, disposing

of demurrers, amendment of pleadings, or the usual and reasonable time consumed in waiting for a trial date. (*Continental Pac. Lines* v. *Superior Court*, 142 Cal.App.2d 744, 750 [299 P.2d 417]; *O'Donnell* v. *City & County of San Francisco*, 147 Cal.App.2d 63, 65-66 [304 P.2d 852]; *DeMota* v. *Superior Court*, 130 Cal.App.2d 58, 62 [278 P.2d 537]. See *Berri* v. *Superior Court*, 43 Cal.2d 856, 858 [279 P.2d 8].)

The fact that the action was once set for trial within the five-year period and then ordered off calendar on the court's own motion does not toll the five-year period within which the action must be brought to trial. (*Hastings* v. *Superior Court*, 131 Cal.App.2d 255, 258 [280 P.2d 74].)

Generally where it is shown that the defendant has been absent from the state the five-year period is tolled during the time of absence. (*Ojeda* v. *Municipal Court*, 73 Cal. App.2d 226 [166 P.2d 49].) However when the defendant has, or has had, "an attorney of record for a sufficient time to enable the action to have been tried if the plaintiff had acted with due diligence," the time of absence does not toll the five-year period. (*Hunt* v. *United Artists Studio, Inc.*, 79 Cal.App.2d 619, 624 [180 P.2d 460].)

The determination of whether the plaintiff has been diligent in the prosecution of his action is in the discretion of the trial court. (*Wisler* v. *California State Bd. of Accountancy*, 136 Cal.App.2d 79, 81 [288 P.2d 322]; *Ojeda* v. *Municipal Court*, 73 Cal.App.2d 226, 231 [166 P.2d 49].) Its determination will not be disturbed on review unless there has been a clear abuse of discretion. (*Gurst* v. *San Diego Transit System*, 119 Cal.App.2d 51, 55 [258 P.2d 1109].)

Valid service of summons was had on defendant on November 9, 1953. On December 21, 1953, defendant appeared in the action. At all times after that date he had an attorney of record. After the alias summons was served on defendant on November 9, 1953, plaintiff gave him until December 21, 1953, in which to plead. On that date defendant filed a demurrer to the complaint. Plaintiff stipulated that hearing on the demurrer be continued to January 29, 1954. On February 25, 1954, plaintiff filed a motion for leave to file an amended complaint. On March 5, 1954, he permitted the motion to go off calendar. He did not seek to restore it to the calendar until March 19, 1954. On March 24, 1954, leave to file the amended complaint was granted. Plaintiff did not give notice of the ruling until May 6, 1954. He then gave defendant until July 26, 1954, in which to plead to

the amended complaint. Defendant filed a demurrer. On August 13, 1954, plaintiff permitted the hearing on the demurrer to be continued to September 8, 1954. On that date the demurrer was overruled. Plaintiff then gave defendant until October 20, 1954, to answer the amended complaint. On that date defendant filed his answer. Plaintiff did not file a memorandum for setting until December 8, 1954. Plaintiff did not at any time take any steps to have the action tried before the five-year period expired. He did not call the court's attention to the fact that if the action was not brought to trial within the five-year period it would be subject to dismissal. *Sanford* v. *Superior Court*, 111 Cal.App. 2d 311 [244 P.2d 463], says (p. 313):

"Under rule 12 of the Superior Court Rules provision is made for advancing or specially setting a case for trial, which was obviously intended to cover cases where some reason exists for so doing. Although this procedure was available at all times, the appealing party failed to make such a request. After a long delay in filing the ordinary memorandum to set, he let the rest of the time expire without calling the urgency to the attention of the court or taking any steps whatever to bring the matter to a hearing within the required time. There is no showing that it was impossible for him to bring the matter to a hearing within that time, or that he was prevented from doing so by causes beyond his control, and the facts do not bring him within the exceptions relied on."

▆ Whether defendant had an attorney of record for a sufficient time to enable the action to have been tried if plaintiff had acted with due diligence was a question for the trial court. It cannot be said as a matter of law that plaintiff brought himself within the out-of-state exception on which he relies or that the trial court abused its discretion in granting the motion.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.