[Civ. No. 525. Fifth Dist. Jan. 26, 1966.]

HAZEL M. LAMBERT, Plaintiff and Appellant, v. FRANK I. RANEY, JR., Defendant and Respondent.

T. N. Petersen for Plaintiff and Appellant.

Meux, Gallagher, Baker & Manock, Peart, Baraty & Hassard and David E. Willett for Defendant and Respondent.

STONE, J.—Plaintiff appeals from an order dismissing action for failure to serve and return summons within three years, and from an order denying issuance of alias summons, a nonappealable order under Code of Civil Procedure section 963 which may be reviewed on appeal from the judgment. (*Price* v. *Hibbs*, 225 Cal.App.2d 209, 212 [37 Cal.Rptr. 270].)

Section 581a of the Code of Civil Procedure requires dismissal "unless the summons shall be served and return thereon made within three years after the commencement of said action, . . . provided, that . . . no dismissal shall be had under this section as to any defendant because of the failure to serve summons on him during his absence from the State, or while he has secreted himself within the State to prevent the service of summons on him."

*Chronology*

September 8, 1961—Complaint filed against defendant and a codefendant.

May 11, 1964—Summons served on the codefendant.

June 24, 1964—Summons returned and filed.

October 13, 1964—Defendant filed notice of motion to dismiss under Code of Civil Procedure section 581a.

November 2, 1964—Motion to dismiss granted, then vacated by same order, and motion reset for November 24, 1964.

November 24, 1964—Counsel for plaintiff granted permis-

sion to take deposition of defendant to ascertain absence from the state during three-year period.

December 16, 1964—Plaintiff filed affidavit in opposition to motion to dismiss, alleging defendant's admission of absence from state for a period of 64 days between September 8, 1961, and October 22, 1964.

January 15, 1965—The court found respondent had been absent from state a total of 64 days; that three years plus 64 days expired November 12, 1964. Plaintiff's attorney orally moved for issuance of alias summons, the court requested a formal motion.

January 19, 1965—Motion for issuance of alias summons and motion for dismissal heard, and submitted.

January 26, 1965—Motion for dismissal granted under Code of Civil Procedure section 581a, and motion for issuance of alias summons denied.

We take up, first, defendant's threshold argument that plaintiff's failure to allege and prove attempted service during the three-year period precludes her from relief under Code of Civil Procedure section 581a. Defendant confuses exigencies of proof with a condition precedent. Whether a defendant has secreted himself within the state is often difficult to prove, indeed, a plaintiff can hardly prove the fact unless service is attempted. On the other hand, absence from the state usually can be proved with exactness by discovery procedures, here, a simple interrogatory served the purpose. Thus, although a plaintiff's right to relief under section 581a may frequently rest on proof of attempted service, such proof is not indispensable. We conclude that proof of absence from the state tolls the running of the three-year period whether or not service is attempted.

Plaintiff argues that the period of absence from the state is not controlling and that even though three years plus the 64 days defendant was absent had elapsed at the time of hearing, the court had discretion to allow plaintiff an additional reasonable time to serve defendant. Plaintiff leans heavily on *Wyoming Pacific Oil Co.* v. *Preston,* 50 Cal.2d 736, 740-741 [329 P.2d 489], which discusses Code of Civil Procedure section 583 in relation to section 581a. The Supreme Court observed that a trial court has discretion to grant relief under section 583 if it is impossible or impracticable for the plaintiff to proceed to trial. These same principles, said the court, should be followed in applying the exceptions of 581a relating to service of summons on a defendant. *Wyoming-*

*Pacific* was concerned with a defendant concealing himself within the state. The plaintiff effected personal service upon the defendant seven days after the three-year period elapsed. We are not told the number of days the defendant concealed himself within the state to avoid service, nor what correlation there was, if any, between the period he avoided service and the extended time for service. The facts do make it clear, however, that the defendant was not merely absent from the state, he made service impossible and impracticable by secreting himself within the state. The Supreme Court held that it was within the discretion of the trial court to give the plaintiff relief from the effect of the defendant's chicanery, in other words, that the defendant by his own deceit entitled plaintiff to relief under section 581a.

Defendant here did nothing to deceive plaintiff nor to thwart service; he simply made trips outside the state. It was neither impossible nor impracticable to serve him within the three-year and 64-day period. Under similar circumstances in *Dresser* v. *Superior Court*, 231 Cal.App.2d 68, the court said, at page 73 [41 Cal.Rptr. 473] : "The statute is mandatory and jurisdictional and, as to any action falling within its compass, the court 'has power to act only in a certain way, that is, by ordering a dismissal.' "

 Plaintiff asserts that even though defendant did not secrete himself to avoid service, he did, by filing a motion to dismiss on October 13 before the three years and 64 days elapsed, make it "impracticable or impossible" to effect service. Plaintiff argues that the county clerk would not have issued an alias summons while the motion was pending; but this argument erroneously presupposes that the mere filing of a motion to dismiss holds all proceedings in abeyance pending its disposition. This is not so; it does not prevent service of summons, and nothing prevented plaintiff from requesting an alias summons. Had the county clerk refused to issue it, plaintiff could have instituted proper proceedings to require that one issue. However, plaintiff made no application for an alias summons until January 15, 1965, some two months after the three-year and 64-day period had elapsed on November 12, 1964.

There was an abortive order November 2 granting defendant's motion to dismiss 10 days before the extended period for service expired, but it has no relevancy since as part of the same order on the same day the court vacated the dismissal order. Although making and vacating an order simul-

taneously is anomalous, it is clear enough the order did not preclude plaintiff from applying for an alias summons to serve defendant and thereby comply with section 581a.

Plaintiff makes the further argument that if it was not impossible to serve defendant, it was at least impracticable during the pendency of defendant's motion to dismiss, and therefore the time that elapsed during the pendency of the motion should be excluded. A like argument was made as to the application of Code of Civil Procedure section 583 in *Governale* v. *Bethlehem Pac. Coast Steel Corp.*, 235 Cal.App. 2d 837, and in rejecting the argument the court said, at page 841 [45 Cal.Rptr. 707]: "Appellant first argues that the period of time during which respondent Hyman-Michaels' motion to quash service of summons was pending should be excluded from the five-year period because during that time the court lost jurisdiction of the case and hence trial was impossible. This argument is unsupported by authority. It seems plain that time consumed in disposition of the motion to quash service of process, like that necessarily consumed in the disposition of a demurrer, a motion to strike, or an amendment to the pleadings, or while waiting for a place on the court's calendar must be included in the five-year period. [Citation.] The mere fact that such a motion was made had no effect upon the court's jurisdiction."

The foregoing principle is applicable here, the time consumed by proceedings on motion to dismiss must be included in the three-year plus 64-day period. We conclude that under the facts of this case dismissal was mandatory upon the expiration of the period of three years provided by Code of Civil Procedure section 581a plus the additional 64 days that accrued by reason of defendant's absence from the state.

In view of our holding that the court did not err in dismissing the action, it follows there was no error in denying plaintiff's motion for issuance of an alias summons.

The orders are affirmed.

Conley, P. J., and Brown (R. M.), J., concurred.