[Civ. No. 25717. First Dist., Div. One. Jan. 26, 1971.]

MICHAEL WURNITSCH, Plaintiff and Appellant, v.
JOYCE ANN NORDVIK, Defendant and Respondent.

## Counsel

Richard P. Schacht for Plaintiff and Appellant.

· Robert J. Kaiser for Defendant and Respondent.

## Opinion

**SIMS, J.**—Plaintiff has appealed from a judgment of dismissal which was entered following the granting of the defendant's motion to dismiss the action on the grounds that it was not brought to trial within five years after it was filed. (Code Civ. Proc., § 583.)[1] ▮ He contends that the judgment and the order upon which it is predicated are erroneous because it was established that the defendant driver was absent from the state so as to toll the running of the statutory period. In the establishment of that predicate, he urges that the court erred in considering whether or not he could have served the resident owners of the vehicle, and in ruling that since personal service outside of the state was authorized by the provisions of section 17460 of the Vehicle Code,[2] the tolling provisions of the procedural statute

---

[1]At the time of the judgment, November 30, 1967 (cf. Stats. 1969, ch. 958, § 1, p. 1905, operative January 1, 1970, and Stats. 1970, ch. 582, § 2, p. 1159), Code of Civil Procedure section 583 provided in relevant part, "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended and except where it be shown that the defendant has been absent from the State or concealed therein and his whereabouts unknown to plaintiff and not discoverable to said plaintiff upon due diligence, in which event said period of absence or concealment shall not be a part of said five-year period."

[2]At all times material to this action section 17460 of the Vehicle Code read, "The acceptance or retention by a resident of this State of a driver's license issued pursuant to the provisions of this code, shall constitute the consent of the person that personal service of summons may be made upon him at any place where he may be found and

were inapplicable. It is concluded that the plaintiff's contentions must be sustained and the judgment of dismissal must be reversed.

The facts, as revealed by the declarations filed in connection with the motion to dismiss, by the declaration of the attorney for plaintiff, which was filed in connection with a prior motion to dismiss, and by admissions contained in the records of the hearings on each of the two motions, are as follows:

The complaint, filed June 1, 1962, seeks to recover damages for injuries to the person and property of plaintiff arising from an automobile collision allegedly occasioned by the negligent operation of a vehicle by the defendant in Alameda County on June 8, 1961. It names fictitious defendants as the principals and as the employers of the defendant.

On April 18, 1967, a hearing was held on defendant's motion to dismiss the action on the grounds that the summons had not been served and returned within three years of the commencement of the action. (See Code Civ. Proc., § 581a.)[3] The declaration of plaintiff's attorney in opposition to this motion sets forth a long narration of his efforts to settle the case with an adjuster who purported to represent an insurance company which had issued insurance which covered the defendant's liability. It does indicate that unsuccessful efforts were made to serve the named defendant through a process server in October 1962, by the attorney personally during the period from December 1962 through September 1963, and through a second process server in November and December 1963, that neither the occupants at the defendant's given residence address nor the insurance adjuster would furnish any evidence as to her whereabouts other than that she was out of the State of California.

At the hearing on the first motion, the plaintiff offered to call the defend-

whether or not he is then a resident of this State, with the same force and effect as if served within the State in any action brought in the courts of this State upon a cause of action arising in this State out of his driving a motor vehicle upon a highway in this State."

[3]At all times material (cf. Stats. 1969, ch. 1610, § 24, pp. 3373-3374, operative January 1, 1970, and Stats. 1970, ch. 582, § 1, p. 1158) Code of Civil Procedure section 581a provided in relevant part: "No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced must be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, . . . unless the summons shall be served and return thereon made within three years after the commencement of said action, . . . provided, that . . . no dismissal shall be had under this section as to any defendant because of the failure to serve summons on him during his absence from the State, or while he has secreted himself within the State to prevent the service of summons on him." (Amendments effective November 8, 1967, by Stats. 1967, ch. 720, § 3, p. 2093, are not material to this case.)

ant's mother, who was present, as a witness. The attorney for the defendant represented to the court that his client went to Washington to school in the fall of 1961 and continued in school there for the next three years, except for periodic visits to her home. He expressly waived an affidavit or other proof of those facts, and relied upon the contentions that the action should be dismissed because the plaintiff had failed to serve the defendant out of the state under the provisions of the Vehicle Code, and had failed to serve her parents, who were responsible for her as parents of a minor operator and as owners of the vehicle operated by their daughter.

Upon submission, the first motion was denied with the following comment from the court, "But I do think . . . that you did sleep on your rights and you left much to be desired in the prosecution of this claim, and if I were you I'd get on the ball."

Seven months later, on November 21, 1967, the motion to dismiss which led to the order and judgment which is the subject of these proceedings, came on for hearing. At the hearing the attorney filed an affidavit which reveals that after serving a subpoena on the defendant's father, and after the mother appeared at the time set for hearing, he was told for the first time that the defendant was married, her married name, and the city in which she lived in the State of Washington, and that the defendant's mother would verify that the defendant had been continuously a resident outside of the State of California for the greater period of the preceding five years. The matters before the court at the prior hearing, including a transcript of the oral proceedings, were all considered by the court. The court noted that the attorney for the plaintiff had acknowledged at the April hearing, "I understand now . . . [the defendant's attorney] told me a month ago she's married and is living out of the state still." Plaintiff's attorney protested that he had not received the defendant's married name or the identity of the place she resided in the State of Washington until the hearing, and that he had ineffectively served her mother as a fictitious defendant by handing her a copy of the summons and complaint at the earlier hearing.

The court, after adverting to the failure to serve the parents as the owners of the vehicle, and the failure to serve the defendant under the provisions of section 17460 of the Vehicle Code, granted the motion. The judgment and this appeal followed.

In *Romero* v. *Snyder* (1914) 167 Cal. 216 [138 P. 1002], the court stated, with respect to the provisions of section 583 of the Code of Civil Procedure as they read prior to 1929 when the commencement of the period was changed from "after answer filed" to "after action filed," "We think the language of section 583 . . . evinces an intent to cover the entire

subject of dismissals for failure to bring an action to trial *after answer filed,* and to fix: 1. A minimum period within which mere delay is not to be deemed sufficient cause; 2. An immediately ensuing interval of three years, during which the court, in its discretion, may adjudge it sufficient; and, 3. A maximum period of five years, upon the expiration of which, the delay is declared to be sufficient as a matter of law and the dismissal is made mandatory." (167 Cal. at pp. 219-220. See also, *DeMota* v. *Superior Court* (1955) 130 Cal.App.2d 58, 61 [278 P.2d 537].)

"There is no question but that such section is mandatory when it is applicable. [Citation.]" (*Pacific Greyhound Lines* v. *Superior Court* (1946) 28 Cal.2d 61, 63 [168 P.2d 665]. See also, *Judson* v. *Superior Court* (1942) 21 Cal.2d 11, 14 [129 P.2d 361] [overruled on other grounds *Goodwine* v. *Superior Court* (1965) 63 Cal.2d 481, 484 (47 Cal.Rptr. 201, 407 P.2d 1)]; *Christin* v. *Superior Court* (1937) 9 Cal.2d 526, 529 [71 P.2d 205, 112 A.L.R. 1153]; *Bass* v. *Braun* (1960) 178 Cal.App.2d 744, 747 [3 Cal.Rptr. 212]; *Lewis* v. *Greenspun* (1958) 160 Cal.App.2d 711, 715 [325 P.2d 551]; *Fisher* v. *Superior Court* (1958) 157 Cal.App.2d 126, 129 [320 P.2d 894]; *Ellsworth* v. *United States Metals Corp.* (1952) 110 Cal. App.2d 727, 728 [243 P.2d 575]; and *Hunt* v. *United Artists Studio* (1947) 79 Cal.App.2d 619, 622 [180 P.2d 460].) Nevertheless, "The courts have recognized that the statute relating to dismissals although mandatory in form, should not be applied where, although the defendant was not guilty of acts tending to obstruct the administration of justice, it would have been impracticable for the plaintiff to have brought the action to trial. [Citations.]" (*Judson* v. *Superior Court, supra,* 21 Cal.2d 11, 14. See also, *Pacific Greyhound Lines* v. *Superior Court, supra,* 28 Cal.2d 61, 63-64; *Christin* v. *Superior Court, supra,* 9 Cal.2d 526, 530 and 533; *Bass* v. *Braun, supra,* 178 Cal.App.2d 744, 748; *Fisher* v. *Superior Court, supra,* 157 Cal.App.2d 126, 129; *DeMota* v. *Superior Court, supra,* 130 Cal. App.2d 58, 62; *Ellsworth* v. *United States Metals Corp., supra,* 110 Cal. App.2d 727, 728, fn. 1; *Hunt* v. *United Artists Studio, supra,* 79 Cal. App.2d 619, 623-624; *Ojeda* v. *Municipal Court* (1946) 73 Cal.App.2d 226, 229-231 [166 P.2d 49]; and *Carmichael* v. *Superior Court* (1942) 55 Cal.App.2d 406, 408-409 [130 P.2d 725].)

■ Plaintiff, however, cannot rely upon the latter doctrine because the question of whether it is impracticable or futile to proceed with a case during the five-year period is generally a question of fact. As such, the ruling of the trial court, if supported by any evidence, will be upheld whether it dismisses (see *Bass* v. *Braun, supra,* 178 Cal.App.2d 744, 747; *Lewis* v. *Greenspun, supra,* 160 Cal.App.2d 711, 716; and *Ellsworth* v. *United States Metals Corp., supra,* 110 Cal.App.2d 727, 729) or refuses to dismiss

the case (see *Pacific Greyhound Lines* v. *Superior Court, supra,* 28 Cal.2d 61, 68; *Judson* v. *Superior Court, supra,* 21 Cal.2d 11, 14; *DeMota* v. *Superior Court, supra,* 130 Cal.App.2d 58, 62 [petitioner DeMota]; and *Ojeda* v. *Municipal Court, supra,* 73 Cal.App.2d 226, 230; but cf. *Fisher* v. *Superior Court, supra,* 157 Cal.App.2d 126, 132-133; and *DeMota* v. *Superior Court, supra,* 130 Cal.App.2d at pp. 62-63 [petitioner Erickson]).

The question of the effect of the defendant's absence from the state on the mandatory provisions of section 583 was raised in *Ojeda* v. *Municipal Court, supra.* There the court, with reference to the statute as it read prior to its amendment in 1945, followed *Judson* v. *Superior Court* and *Carmichael* v. *Superior Court, supra,* and concluded as follows: "Upon the oral argument counsel for appellant sought to distinguish the *Judson* and *Carmichael* cases upon the ground that in those cases the defendant was out of the state for the full five-year period, whereas in the instant case the defendant was absent from the state for only four years and a portion of the fifth. We do not believe that the cited cases should be given so narrow a construction as to hold that they require the absence of defendant from the state to be for the full five-year period, but we believe that the true test is whether the plaintiff has had a reasonable opportunity to bring the action to trial. There is no evidence in the present record as to when appellant returned to this state, and no evidence that it was possible to serve summons upon him and bring the case to trial within the five-year period. The question of whether plaintiff has had a reasonable opportunity to bring the case to trial, is for the trial court to decide upon the facts of the particular case, and the determination of the trial court will not be disturbed if there is substantial evidence to support it." (73 Cal.App.2d at p. 231.)

In 1945 (Stats. 1945, ch. 1310, § 1, p. 2460) the Legislature added the following language as a proviso to the mandatory dismissal provisions of section 583: ". . . except where it be shown that the defendant has been absent from the State or concealed therein and his whereabouts unknown to plaintiff and not discoverable to said plaintiff upon due diligence, in which event said period of absence or concealment shall not be a part of said five-year period." In *Ojeda* v. *Municipal Court, supra,* the appellate court observed, "As we view the matter, the Legislature, in adding the 1945 amendment to section 583, was seeking to clarify the law to make it conform to the various court decisions construing it, and to express in clearer terms what must have been the intention of the Legislature when it was originally enacted. For we do not believe that it was ever the intention of the Legislature to enact a statute that would compel the dismissal of an action which plaintiff had not had a reasonable opportunity to bring to trial." (73 Cal.App.2d at p. 232.) The statute is a legislative determination that the period of absence should be excluded in computing the five-year

period for the purposes of dismissal.[4] (See, *Romero* v. *Snyder, supra,* 167 Cal. 216, 220.) It has been construed as tolling the statute. (See, *Lewis* v. *Greenspun, supra,* 160 Cal.App.2d 711, 716.) Absence from the state similarly extends the period within which to serve and return summons on a defendant who is absent from the state. (See, Code Civ. Proc., § 581a, fn. 3 above; *Lambert* v. *Raney* (1966) 239 Cal.App.2d 659, 661 [49 Cal. Rptr. 126]; and *Carmichael* v. *Superior Court, supra,* 55 Cal.App.2d 406, 409.) It was an abuse of discretion for the court to disregard the admitted fact that the defendant had been absent from the state practically all of the time since the occurrence of the accident.

Defendant seeks to escape the effect of the foregoing precedents by reading the exception in section 583 as if it read, "except where it be shown that the defendant has been absent from the State . . . *and* his whereabouts unknown to plaintiff and not discoverable to said plaintiff upon due diligence." (Italics added.) This construction, which would require due diligence to locate and serve a defendant out of the state, not only fails to give proper effect to the disjunctive "*or* concealed therein" (italics added), which is omitted by defendant, but it also disregards the distinction drawn between absence and concealment in the next phrase which reads "in which event said period of absence *or* concealment shall not be a part of said five-year period." (Italics added.) Section 583 does not require the plaintiff to show that the defendant has concealed himself outside of this state, or that the plaintiff has exercised due diligence to discover a defendant who is absent from this state, as a condition to an extension of the five-year period.

It may be noted "that courts have inherent power independent of statutory provisions to dismiss an action on motion of the defendant where it is not diligently prosecuted. [Citations.]" (*Steen* v. *City of Los Angeles* (1948) 31 Cal.2d 542, 546 [190 P.2d 937]. See also *Romero* v. *Snyder, supra,* 167 Cal. 216, 217-218; and *Vogel* v. *Marsh* (1932) 122 Cal.App. 748, 749-750 [10 P.2d 791].) It suffices to state that it is questionable whether such power may be exercised to subvert an express statutory exception to the contrary (cf. *Romero* v. *Snyder, supra,* 167 Cal. at pp. 219-221), and that, in any event, the motion in question was not directed to the discretionary, but to the mandatory, power of the trial court. (Cf. *Hunt* v. *United Artists Studio, supra,* 79 Cal.App.2d 619, 626.) Moreover, it is observed that in

---

[4]Further amendments to section 583 in 1945 provided: "When, however, such defendant has, or has had, an attorney of record for a sufficient time to enable the action to have been tried if the plaintiff had acted with due diligence, such period of absence or concealment shall be a part of said five-year period." Since there never has been service on, or a general appearance by the defendant, that proviso is inapplicable. (Cf. *Bass* v. *Braun* (1960) 178 Cal.App.2d 744, 747 [3 Cal.Rptr. 212]; *Lewis* v. *Greenspun* (1958) 160 Cal.App.2d 711, 716 [325 P.2d 551]; and *Hunt* v. *United Artists Studio* (1947) 79 Cal.App.2d 619, 624 [180 P.2d 460].)

1945 similar instructions to disregard the period of absence were appended to the computation of the minimum two-year period before which discretion to dismiss should be exercised. (See Stats. 1945, ch. 1310, § 1, p. 2460.)

The references made by the defendant and the trial court to the plaintiff's failure to serve the mother and father of the defendant because of their vicarious liability as parents of the operator of the vehicle (see Veh. Code, §§ 17708-17709), or as owners of that vehicle (see Veh. Code, §§ 17150-17151), were irrelevant in these proceedings. "It has been established by case law that each defendant requiring dismissal must ask it of the superior court and that a defendant so asking is entitled to have his right to dismissal determined as to himself alone [citations] (decided under the previous form of the statute)." (*Continental Pac. Lines* v. *Superior Court* (1956) 142 Cal.App.2d 744, 752 [299 P.2d 417]. See also *Fisher* v. *Superior Court, supra,* 157 Cal.App.2d 126, 130-131; *DeMota* v. *Superior Court, supra,* 130 Cal.App.2d 58, 62-63; and *Ellsworth* v. *United States Metals Corp., supra,* 110 Cal.App.2d 727, 730-731; but cf. *Pacific Greyhound Lines* v. *Superior Court, supra,* 28 Cal.2d 61, 67-68.) The fact that the parents, if and when they were properly served and made parties to the proceedings, might have grounds to secure a dismissal of the action, neither decreases nor increases the scope of the plaintiff's rights with respect to the absent defendant.

A more substantial contention is the defendant's claim that the court properly dismissed the action because the plaintiff had failed to avail himself of the right to serve the defendant outside of the state in the manner prescribed by section 17460 of the Vehicle Code (see fn. 2 above). Attention has not been directed to any part of the record which indicates that the named defendant ever accepted or retained a driver's license issued under the provisions of the California Vehicle Code. It appears to be assumed by court and counsel that she was so licensed, so the case may be dealt with as if it were the fact.

The provisions of that section provide for a permissive service, i.e., consent "that personal service of summons *may* be made upon him at any place where he may be found." (Italics added.) Section 15 of the Vehicle Code provides: " 'Shall' is mandatory and 'may' is permissive." Taken alone the section neither expressly nor impliedly qualifies the provisions of section 583 of the Code of Civil Procedure.

Vehicle Code section 17463 evinces, however, a legislative policy to prevent stale claims against absent resident operators (or owners) who may be served outside the state. It provides, "Notwithstanding any provisions of Section 351 of the Code of Civil Procedure to the contrary, when sum-

mons may be personally served upon a person as provided in Sections 17459 and 17460, the time of his absence from this State is part of the time limited for the commencement of the action described in those sections, except when he is out of this State and cannot be located through the exercise of reasonable diligence, . . ." In the application of this statute the operator's "absence from the state will not toll the applicable statute of limitations unless he could not have been located through the exercise of reasonable diligence during his absence from the state." (*Dovie* v. *Hibler* (1967) 254 Cal.App.2d 673, 675 [62 Cal.Rptr. 228].)

The Vehicle Code does not, however, attempt to control the tolling of the five-year period of section 583 which has been discussed above. It is difficult to reconcile a policy which would permit delay in service of process upon, or in prosecution of an action against an absent defendant with a policy which will not countenance delay in the commencement of an action against such a defendant. There is, however, a distinction, and the distinction is not totally without a difference. If an action is filed, against a named operator, as it was in this instance, it is some notice that proceedings are pending. It may, as was true in this case, be the result of, or serve to promote negotiations between the claimant and those responsible or otherwise liable for the alleged tortfeasor's negligence. It is, therefore, concluded that the provisions of sections 17460 and 17463 of the Vehicle Code do not expressly or impliedly modify the provisions for tolling found in section 583 of the Code of Civil Procedure.

Moreover, it may be noted that insofar as the statute of limitations is concerned, the burden of proof is on the defendant. Under section 17463 the absent defendant seeking to assert the statute should have to show that he could have been located through the exercise of reasonable diligence. The record in this case shows no evidence to contradict the allegations of plaintiff's attorney that his inquiries of the defendant's adjuster, attorney, and parents resulted only in the information that she was married and in a school up north in Washington, and, until the time of the hearing, in the concealment of her married name and the names of the college or place she was residing. On such a showing it is questionable whether or not the provisions of section 17463 would operate to defeat the tolling of the statute of limitations ordinarily prescribed by section 351 of the Code of Civil Procedure.

The judgment is reversed.

Molinari, P. J., and Elkington, J., concurred.