[Civ. No. 20638. Third Dist. Oct. 16, 1981.]

JAMES W. BENNETT, Plaintiff and Appellant, v.
BENNETT CEMENT CONTRACTORS, INC., et al., Defendants
and Respondents.

COUNSEL

Perkovich, Dauenhauer & Gums and Michael L. Gums for Plaintiff and Appellant.

Max H. Hoseit, Herman L. Koelewyn, Steven W. Linthicum and D. Jack Haycock for Defendants and Respondents.

## OPINION

**REYNOSO, Acting P. J.**—Does the five-year statute apply when the failure is due to the court calendar and not to plaintiff's lack of diligence? James Bennett, plaintiff and appellant, appeals from a judgment of dismissal entered after the Yolo County Superior Court granted defendants' motion to dismiss based upon plaintiff's failure to bring the action to trial within five years from the date upon which it was filed. (Code Civ. Proc., § 583, subd. (b).)[1] Under the facts of this case we conclude that the statute does not apply. Accordingly, we reverse.

I

Prior to October 1973, plaintiff and defendant Herman Bennett operated a cement contracting business under the name of Bennett Cement Contractors, Inc. In October 1973, it was agreed plaintiff would leave the business. Herman was assigned plaintiff's interest in the corporation's accounts receivables and he, Herman, agreed to assume and pay all outstanding corporate debts.

Thereafter, on or about November 5, 1974, Syar Industries, Inc., filed a complaint in Solano County Superior Court under action number 59781 seeking to recover damages from both Herman and plaintiff. The damages represented the unpaid balance on a debt allegedly owed by the corporation to Syar. Plaintiff discovered what he believed to be diversion of corporate funds by Herman and on October 31, 1975, filed a shareholder's derivative action in the Yolo County Superior Court under another action, number 33365. In addition, plaintiff filed a cross-complaint for indemnification against Herman in the then pending Solano County action. Eventually, the Syar Industries action was resolved through a settlement and a stipulation severing the remaining cross-complaint for indemnification and changing venue to Yolo County was entered on June 27, 1978.

When the cross-complaint was transferred to Yolo County, it was assigned Yolo County action number 38133. In April 1979, pursuant to request by plaintiff, an order was entered consolidating Yolo County action numbers 38133 and 33365. The consolidated matters were ordered advanced on the trial setting calendar for May 1979, and later set for trial on August 28, 1979. However, counsel for defendants success-

---

[1]Hereafter, all statutory references are to the Code of Civil Procedure.

fully moved for a continuance of the trial date; the trial was continued to October 10, 1979. Thereafter, the trial was continued several times on the court's own motion: from October 10, 1979 to December 19, 1979; then to March 6, 1980; to May 22, 1980; to September 10, 1980; to November 4, 1980; to February 4, 1981. All such continuances were on the grounds that a courtroom was not available for the trial.

When the matter was called for trial on February 4, 1981, counsel for defendants indicated he intended to make a motion to dismiss action number 33365 asserting that the five-year period (subd. (b) of § 583) had expired. The court continued the trial to March 10, 1981, and set February 19, 1981, as the date for hearing on the motion to dismiss. After hearing and argument, the matter was taken under submission. Thereafter, the court entered its order as follows: "Defendants ... have moved the Court for an order dismissing the above entitled action for failure to bring the action to trial within five (5) years of the date the action was commenced. [¶] The Court finds that plaintiff, ... filed his action in this matter on October 31, 1975. Thus, more than five (5) years have elapsed since the filing of the action. The parties have entered into no stipulation in writing that the time limitation set forth in CCP 583(b) may be extended. [¶] Good cause appearing, ... [¶] ... this action is ordered dismissed under the provisions of Code of Civil Procedure § 583(b)."

## II

In determining the propriety of the trial court's order dismissing the action, certain decisional law guidelines control. First, notwithstanding the apparently mandatory language of section 583, subdivision (b),[2] it will not be applied in cases where it is impossible, impracticable or futile due to causes beyond a party's control to bring an action to trial during the five-year period. (*Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714, 719 [170 Cal.Rptr. 790, 621 P.2d 829]; *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736, 740 [329 P.2d 489]; *Wurnitsch* v. *Nordvik* (1971) 14 Cal.App.3d 679, 684 [92 Cal.Rptr. 518].) The test is whether plaintiff had a reasonable opportu-

---

[2]Section 583, subdivision (b), provides: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

nity to bring his case to trial. (14 Cal.App.3d at p. 685; see *Hocharian v. Superior Court, supra,* 28 Cal.3d at pp. 720-722.) "Each case must be decided on its own particular facts, and no fixed rule can be prescribed to guide the court in its exercise of this discretionary power under all circumstances." (*Wyoming Pacific Oil Co.* v. *Preston, supra,* 50 Cal.2d at p. 741.) The question whether plaintiff has had a reasonable opportunity to bring the case to trial is for the trial court to determine. The determination will not be disturbed if there is substantial evidence to support it. (*Wurnitsch* v. *Nordvik, supra,* 14 Cal.App. 3d at p. 685.)

■ The order dismissing the action, we conclude, is not supported by substantial evidence and thus constitutes an abuse of discretion. We look to a case involving a similar set of facts, *Goers* v. *Superior Court* (1976) 57 Cal.App.3d 72 [129 Cal.Rptr. 29], for guidance. In *Goers,* petitioner was given a trial date within the statutory period, but at the time set for trial there was no courtroom available. The matter was reset for another date which was also within the five-year period, but was trailed for lack of a courtroom and judge. Again the matter was reset, and again it was "trailed" for lack of a courtroom. The parties were then informed no judge or courtroom would be available until after the expiration of the five-year period. Petitioner sought a writ of mandate to compel the trial court to hear the action within the requisite period. In its opinion commanding issuance of a peremptory writ, the court held: "Code of Civil Procedure section 583, subdivision (b), requires that a case be dismissed unless it is brought to trial within five years. ■ Delay may be excused, however, if it has been impossible or impracticable to proceed to trial. [Citation.] The normal time of waiting for a place on the court's calendar is not excluded from computing the five-year period. [Citation.] *When, however, a plaintiff has waited the normal time for a place on the calendar and has been assigned such a place well within the five-year period, his inability thereafter to proceed to trial because of continued court congestion should not be chargeable to the five-year period.* '. . . It is monstrous to foreclose a litigant's substantial rights because of the inconvenience incident to providing a courtroom. Fault and delay may be ground for dismissal; but court congestion is no reason to preempt one's day in court when there is a reasonable time to provide it.' [Citations.]" (*Id.,* at pp. 74-75.) (Italics added.)

■ A similar result, we believe, is compelled in the case at bench. Plaintiff took steps as early as April 1979 to secure a trial date, bring-

ing to the court's attention at that time by way of a motion to advance that the five-year period was approaching. The motion was properly granted, and plaintiff secured a trial date almost 15 months in advance of the expiration of the statutory period, "demonstrating the diligence required of him under the statute." (*Goers* v. *Superior Court, supra,* 57 Cal.App.3d at p. 75; see *Hocharian* v. *Superior Court, supra,* 28 Cal.3d at pp. 719-722.) Thereafter, the trial date was vacated and reset five times prior to the expiration of the statutory period. The first continuance was on motion by counsel for the defense, who sought a continuance because the scheduled trial date conflicted with counsel's vacation plans. Each additional continuance was on the court's own motion, due to lack of a courtroom and/or judge. At each of the times set for trial, plaintiff asserts he was ready and willing to proceed with the case; yet, due to causes beyond his control, he was unable to bring the action to trial within the requisite period.

We conclude plaintiff was denied a reasonable opportunity to bring his case to trial within the five-year period; to dismiss under such circumstances constitutes an abuse of discretion.

The judgment is reversed.

Blease, J., and Carr, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied December 9, 1981.