[Civ. No. 23795. First Dist., Div. Two. Sept. 25, 1967.]

MARIE DOVIE, Plaintiff and Appellant, v. VICTOR HIBLER, Defendant and Respondent.

Anderson & Borello and Daniel Anderson for Plaintiff and Appellant.

Campbell, Custer, Warburton & Britton, William Brooks and Austen D. Warburton for Defendant and Respondent.

TAYLOR, J.— On this appeal by plaintiff from a judgment in favor of defendant in her action for personal injuries, the only question presented is whether the trial court properly concluded that plaintiff's action was barred by the statute of limitations. The case is one of first impression as to the interpretation of section 17463 of the Vehicle Code.

The facts are not in dispute. About 8 a.m. on January 11, 1962, the respective vehicles driven by the parties collided on Floyd Avenue in the City of Sunnyvale. Section 340, subdivision 3, of the Code of Civil Procedure, provides that the statute of limitations for personal injury actions is one year. The complaint was filed on January 14, 1963, one day late for the purpose of the statute. At the time of the accident and continuously thereafter, defendant resided at 1482 Floyd Avenue in Sunnyvale, California. He had lived there for 12-14 years and had been employed by Westinghouse for 19 years. On September 1, 1962, he spent a few hours in Reno, Nevada, to attend the wedding of his oldest daughter. On September 2, 1962, he spent a few hours sightseeing in Reno and Virginia City, Nevada. At the time of the accident and thereafter, defendant held a valid California driver's license and owned a motor vehicle registered in California.

The court found that by his acceptance and retention of the driver's license, as well as the certificate of registration, defendant consented to and authorized personal service of summons on him at any place where he might be found in connection with an action such as that filed by plaintiff; that from January 11, 1962, until January 14, 1963, defendant resided in this state with his family every day and his whereabouts could have easily been ascertained by plaintiff at any time; that he was absent from the state at no time for more than a few hours a day on September 1 and 2, 1962, when he went to Nevada; that the total time he was absent from the state did not aggregate a day; that he could have been located through the exercise of reasonable diligence; and that plaintiff had made no showing of any effort to locate

defendant for the purpose of serving process prior to January 14, 1963.

Plaintiff, relying on section 351 of the Code of Civil Procedure (set forth below)[1] contends that the statute of limitations was tolled for one day because of defendant's absence from the state and that the trial court erred in applying section 17463 of the Vehicle Code. That section, so far as pertinent, provides: "Notwithstanding any provisions of Section 351 of the Code of Civil Procedure to the contrary, when summons may be personally served upon a person as provided in Sections 17459 and 17460, the time of his absence from this State is part of the time limited for the commencement of the action described in those sections, except when he is out of this State and cannot be located through the exercise of reasonable diligence. . . ."

Sections 17459 and 17460 provide, respectively, that the acceptance of a certificate of automobile ownership or registration (Veh. Code, § 17459) or the acceptance or retention of a California driver's license (Veh. Code, § 17460) by a resident of this state, "shall constitute the consent by the person that personal service of summons may be made upon him at any place where he may be found, whether or not he is then a resident of this State, with the same force and effect as though served within this State, in any action brought in the courts of this State upon a cause of action arising in this State out of the ownership or operation of the vehicle." As defendant had a California driver's license and owned a vehicle registered in California, his absence from the state will not toll the applicable statute of limitations unless he could not have been located through the exercise of reasonable diligence during his absence from the state. As indicated above, the trial court found that defendant could at all times have been so located and plaintiff failed to make any showing of any effort to do so prior to January 14, 1963.

Affirmed.

Shoemaker, P. J., and Agee, J., concurred.

---

[1] "If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action."