[Civ. No. 50721. Second Dist., Div. One. Dec. 22, 1977.]

PAUL HIRSCH, Plaintiff and Appellant, v.
DONALD BLISH, Defendant and Respondent.

**COUNSEL**

George T. Woods for Plaintiff and Appellant.

Gilbert, Kelly, Crowley & Jennett and Patrick A. Mesisca, Jr., for Defendant and Respondent.

**OPINION**

**THOMPSON, J.**—This is an appeal from a defendant's summary judgment granted on the theory that plaintiff's cause of action is barred by the statute of limitations. Concluding that, despite defendant's absence from the State of California for a period of about two weeks, Vehicle Code section 17463 does not toll the statute, we affirm the judgment.

As we must in dealing with an appeal from a summary judgment, we construe the moving party's declarations strictly and those of the resisting party liberally to determine whether there are triable issues of fact. We recite the record in that light.

On January 20, 1974, plaintiff Paul Hirsch was injured in an automobile accident by a car driven by defendant Donald Blish. Blish was a California licensed driver, and the automobile involved in the accident was owned by him and registered in this state. On January 23, 1975, one year and three days after the accident, Hirsch filed his complaint for property damage and personal injuries resulting from the

accident. Blish answered the complaint, asserting the affirmative defense of the one year statute of limitations contained in subdivision 3 of Code of Civil Procedure section 340.

The claim for property damage was settled and the cause of action seeking that item was dismissed by Hirsch. Blish moved for summary judgment on Hirsch's cause of action for personal injuries. Declarations in support of and opposition to the motion establish that Blish was present in California for the period from the date of the accident until the complaint was filed with the exception of a two-week period when he was absent from the state while driving to and in St. Louis on vacation. Blish, a long-time resident of California and occupant of a home owned by him in Los Angeles since 1970, had notified a neighbor, coworkers, his mother-in-law, and his wife's daughter of his intended destination with no suggestion of confidentiality. He made no advance reservations for his trip but upon arrival in St. Louis, after three days of driving, notified his wife's daughter of the hotel in which Blish and his wife were staying.

No one contacted Blish's neighbor, coworkers, mother-in-law, or his wife's daughter seeking Blish's whereabouts in the two-week period he was absent from California, and no one left at the Blish home any notification that he was being sought for any purpose.

Over Hirsch's argument that the statute of limitations was tolled while Blish was on the road and could not be located while going to and coming from St. Louis, the trial court determined that the declarations established the bar of the statute of limitations as a matter of law. It granted the Blish motion for summary judgment, and this appeal followed.

The parties agree that the one year statute of limitations applies to the case at bench. They agree also that the general tolling provisions for absence from the state contained in Code of Civil Procedure section 351 are not applicable and that the case at bench is controlled by Vehicle Code section 17463.

■ That statute provides: "Notwithstanding any provisions of Section 351 of the Code of Civil Procedure to the contrary, when summons may be personally served upon a person as provided in Sections 17459 and 17460 [of the Vehicle Code], the time of his absence from this State is part of the time limited for the commencement of the action described

in those sections, except when he is out of this State and cannot be located through the exercise of reasonable diligence . . . ."

Vehicle Code section 17459 provides for service upon a defendant "within or without this state" in any action arising in California out of the ownership or operation of a motor vehicle registered in California by a resident of the state. Vehicle Code section 17460 provides for a similar method of service upon a California licensed driver for a cause of action arising in California out of the operation of a motor vehicle.

Here Blish was a California licensed driver operating an automobile registered in this state at the time of the accident. Hirsch's cause of action arises out of Blish's operation of the car. Hence Blish was at all times amenable to personal service within or without the state by reason of Vehicle Code sections 17459 and 17460. His two-week absence from California thus did not toll the one year statute of limitations unless the specific tolling provision of Vehicle Code section 17463 applies.

The special tolling provision is applicable "when [the defendant] cannot be located through the exercise of reasonable diligence." If that provision imposes an obligation upon a plaintiff relying upon it to take action to attempt to locate an absent defendant, the trial court properly determined that the tolling provision is inapplicable. The lack of a triable issue of fact may be established by inference where the inference is the only reasonable one that may be drawn from the evidence presented for and against the motion (4 Witkin, Cal. Procedure (2d ed. 1977 supp.) Proceedings Without Trial, § 196A, subd. (2)). Here the total failure of contact of anyone seeking Blish with Blish's neighbors, business associates, and relatives, and the failure of any notice directed to his long-time place of residence supports only one reasonable inference—no one was diligently seeking Blish's whereabouts during the time he was absent from California.

We construe section 17463 as tolling the statute of limitations for absence of the defendant only when the plaintiff has actively exercised reasonable diligence to locate him.

We have discovered only two California cases dealing with the issue. Dictum in *Wurnitsch* v. *Nordvik* (1971) 14 Cal.App.3d 679 [92 Cal.Rptr. 518] states that active effort to locate the defendant is not required for the

tolling provision to apply. The *Wurnitsch* dictum provides for tolling where diligent effort, if pursued, would have been unsuccessful. (14 Cal.App.3d at p. 688.) In contrast, *Dovie* v. *Hibler* (1967) 254 Cal.App.2d 673 [62 Cal.Rptr. 228] states "plaintiff failed to make any showing of any effort to [locate the defendant]" (254 Cal.App.2d at p. 675) as one of the two reasons why section 17463 did not toll the statute of limitations.

*Dovie* is compatible with authority construing language similar to that of section 17463 in other statutes. *Wurnitsch* is not. Code of Civil Procedure section 415.50, which permits service by publication "if . . . it appears . . . that the party to be served cannot with reasonable diligence be served in another manner specified in this article . . .," is interpreted as allowing service by publication only after "a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." (Judicial Council Com. to Code Civ. Proc., § 415.50, 14 West's Ann. Code Civ. Proc. (1973 ed.); see also *Vorburg* v. *Vorburg* (1941) 18 Cal.2d 794, 797 [117 P.2d 875]; *Stern* v. *Judson* (1912) 163 Cal. 726, 736 [127 P. 38]; *Rue* v. *Quinn* (1902) 137 Cal. 651, 656 [66 P. 216, 70 P. 732].) Civil Code section 235, permitting service by publication of a petition to remove a child from parental custody if the parent "cannot, with reasonable diligence" be otherwise served, is construed to require an active effort to locate and personally serve the parent. (*In re Beebe* (1974) 40 Cal.App.3d 643 [115 Cal.Rptr. 322].) Corporations Code section 6501 (repealed 1977, now § 2111), which permits service upon a foreign corporation to be made upon the Secretary of State if the corporation's designated agent for the service of process is a natural person who "cannot be found with due diligence at the address stated in the designation," is given a like construction. (*Eagle Electric Mfg. Co.* v. *Keener* (1966) 247 Cal.App.2d 246, 251 [55 Cal.Rptr. 444].)

The authority in analogous areas is thus consistent with the proposition that statutory language triggering a right where an adversary "cannot be located with reasonable diligence" conditions the right upon activity to locate. That consistency of construction requires a similar interpretation of Vehicle Code section 17463.

In sum, while the record establishes that Blish was not locatable during the time he was driving to and from St. Louis, it also establishes that Hirsch made no effort to locate him. Because Vehicle Code section 17463 requires an active exercise of due diligence as a prerequisite to the

tolling of the statute of limitations, the trial court properly determined that the statute was not tolled.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 16, 1978. Bird, C. J., and Mosk, J., were of the opinion that the petition should be granted.