[No. B040980. Second Dist., Div. Seven. Jan. 25, 1990.]

LINDA FRUSETTA, Plaintiff and Appellant, v.
GARY HAUBEN et al., Defendants and Respondents.

## COUNSEL

Matz, Bryman, Brenner & Zinman, Leon R. Laufer and Andrew C. Bryman for Plaintiff and Appellant.

Bollington, Stilz, Bloeser & Curry and Arden D. Schaffer for Defendants and Respondents.

## OPINION

**JOHNSON, J.**—Linda Frusetta appeals from the summary judgment entered by the Superior Court regarding her claim against Gary Hauben and Robert Mike Hauben for personal injuries. She contends: "I. The trial court abused its discretion in granting summary judgment because it ignored the evidence presented by appellant, relied on respondent's incorrect statement of facts, and failed to impose on respondent the burden of establishing evidentiary facts for every element necessary to entitle them to judgment. II. There is a triable issue of fact as to whether appellant's cashing of the $250 check released respondents of all liability, thus the trial court abused its discretion in granting summary judgment."

### STATEMENT OF FACTS

On March 21, 1986, an accident occurred involving an automobile driven by plaintiff/appellant Linda Frusetta and an automobile driven by defend-

ant/respondent Robert Hauben. The defendant's vehicle was owned by codefendant/respondent Gary Hauben. At the time of the accident, the Haubens were insured by Twentieth Century Insurance Company (Twentieth Century).

Frusetta stated in a declaration she had discussions in April of 1986 with three women who identified themselves as adjusters from Twentieth Century. One of these adjusters indicated in a telephone conversation Frusetta would receive a bank draft in the amount of $250 as partial payment for her injuries, according to the declaration. Frusetta further stated this adjuster claimed she could pay some of her current medical bills with the proceeds of the $250 check and "the rest would be paid later." Frusetta then told the adjuster she continued to experience pain resulting from her injuries and was incurring additional medical bills. Frusetta received a $250 bank draft from Twentieth Century in an envelope postmarked May 5, 1986. Frusetta endorsed and deposited the draft on May 9, 1986.

The front of the check bore the following language: "Bodily injury in full and final settlement."

Language on the back of the check stated: "If 'In Full and Final Settlement' is printed on the front of the draft, endorsement of the draft constitutes a full Release of all claims known or unanticipated which the undersigned has or may hereafter have against the Payor or any person or organization insured by Payor under the policy and by reason of the occurrence referred to on the face hereof. However, if 'Partial Payment or Supplemental Payment' is printed or the draft is payment of a claim under comprehensive or collision coverage, endorsement of this draft constitutes a receipt only."

In addition, Frusetta received a letter from Barbara Greenbaum, a negotiator for Twentieth Century, requesting she sign authorization forms allowing Twentieth Century to obtain medical information. This letter was dated May 1, 1986, and postmarked May 6.

Frusetta also received a document labeled "Release of All Claims" under separate cover in an envelope postmarked May 5, 1986. This release states acceptance of the $250 check by Frusetta effects a full compromise settlement of all claims against the Haubens. Frusetta states in her declaration this release was received four days after her receipt of the check. Furthermore, appellant states she deposited the $250 check prior to the arrival of the release form. On the other hand, respondent states appellant's attorney had previously stipulated the release was received prior to the deposit.

Frusetta declares she deposited the check from Twentieth Century with the understanding it served as a partial settlement of her claim, based upon conversation with a Twentieth Century adjuster. Frusetta had no prior experience making claims of this nature. Furthermore, she did not retain counsel and had never been advised she might do so. Frusetta states in her declaration she acted in reliance upon the statements of a Twentieth Century adjuster and never suspected the draft was anything more than a partial settlement.

Respondents argue the draft clearly bore language stating acceptance constituted a full and final settlement. Moreover, respondents allege at the subject time Twentieth Century policies required additional documentation for partial payments in settlement of claims. However, Barbara Greenbaum, an adjuster who contacted Frusetta, had the discretionary authority to fully settle claims without documentation for a maximum sum of $250.

On February 10, 1989, the court granted respondents' motion for summary judgment. The trial judge explained this ruling in open court, emphasizing (1) the written language on the draft clearly stated the payment was a full and final settlement and (2) the mailing of the separate release postmarked May 6, prior to appellant's deposit of the check on May 9.

## DISCUSSION

### I. THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY IGNORING EVIDENCE PRESENTED BY APPELLANT.

■ Summary judgment should be granted only if the affidavits supporting the moving party would be sufficient to sustain a judgment in that party's favor. (*Vesely* v. *Sager* (1971) 5 Cal.3d 153, 169 [95 Cal.Rptr. 623, 486 P.2d 151].) Summary judgment is not proper if the party opposing the motion by affidavit shows facts sufficient to present a triable issue of fact. (*Ibid.*) Furthermore, summary judgment is a drastic procedure which should be used with caution because it denies the right of the opposing party to trial. (*Mann* v. *Cracchiolo* (1985) 38 Cal.3d 18, 35 [210 Cal.Rptr. 762, 694 P.2d 1134].)

As Code of Civil Procedure section 437c, subdivisions (b) and (c), provides, a motion for summary judgment is properly granted only where "affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken" in support of and opposition to the motion "show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Appellant's opening brief lists six factual contentions which appellant alleges controvert respondents' motion for summary judgment. With a notable exception which shall be discussed later, these contentions do not pose triable issues of fact. Although the following allegations do challenge the respondents' motion, in each case the court may have found the evidence supporting these allegations insufficient to raise a triable issue of fact. (*See Vesely v. Sager, supra,* 5 Cal.3d at p. 169.) It has not been demonstrated the trial court "ignored" these assertions by the appellant.

Appellant argues she sustained injuries far in excess of $250 and the adjuster was aware of this fact. Frusetta's declaration states she told a Twentieth Century adjuster prior to the mailing of the $250 draft she "was still in a great deal of pain and had more bills." Although gross inadequacy of consideration may be considered as tending to show fraud or mistake in a release (*Dansby v. Buck* (1962) 92 Ariz. 1 [373 P.2d 1, 6]), it is not clear the adjuster had reason to believe the $250 payment was inadequate. Respondent emphasizes Frusetta's response to interrogatories indicates her earliest treatment for injuries following the accident was an X-ray of the abdomen on June 26, 1987. Therefore, there is no reason to conclude the court disregarded this evidence presented by appellant.

Furthermore, appellant alleges the court ignored the significance of (1) the letter from Twentieth Century requesting medical information, (2) the "Release of All Claims" received by appellant from Twentieth Century, and (3) the declared statement of appellant's counsel Leon R. Laufer that a Twentieth Century adjuster assured him the insurance company would not close appellant's case upon acceptance of the $250 check. Even if the accuracy of these three allegations was accepted, the court may not have found a triable issue of fact because none of these contentions are determinative of the critical issue in this case: the appellant's understanding at the time she accepted the $250 check and the insurance company's role in creating that understanding.

## II. A TRIABLE ISSUE OF FACT EXISTS AS TO WHETHER APPELLANT'S DEPOSIT OF THE $250 CHECK RELEASED RESPONDENTS OF ALL LIABILITY.

Professor Williston defines fraud in the factum as " 'such fraud in the procurement of the execution of a note or bill as results in the signer's being ignorant of the *nature* of the instrument he is signing.' " (12 Williston on Contracts (3d ed. 1970) § 1488, p. 335, quoting *Bancredit, Inc. v. Bethea* (1961) 65 N.J. Super 538 [168 A.2d 250]). The theoretical basis of the defense of fraud in the factum is the absence of a "meeting of the minds," the mutual assent necessary to the creation of a binding contract. (12 Willis-

ton, *op. cit. supra,* at pp. 335-336.) If the signer of a contract misapprehends the terms of a document, then he has not, in fact, assented to its true terms. Signatures to written releases obtained by fraud in the factum render such releases void. (*Id.* at p. 339, fn. 5.) Such a fraud or misrepresentation may be deemed to have induced a party's signing of a release "if it substantially contributes to his decision to manifest his assent." (Rest.2d Contracts, § 167.)

Furthermore, a release of a claim for personal injuries may be rendered void on the grounds of fraud or misrepresentation regarding the nature of the claim covered by the release so long as the releasor's failure to learn the nature of the terms was not attributable to his own negligence. (See Annot. (1946) 164 A.L.R. 402, 404-408.) Where a release was obtained by fraud in the factum, the failure of a releasor to read the release has not prevented courts from declaring such contracts void. (66 Am.Jur.2d, Release, § 15, p. 691.)[1]

California law is consistent with these general principles of contract law. The California Supreme Court, in *Casey* v. *Proctor* (1963) 59 Cal.2d 97 Cal.2d 97 [28 Cal.Rptr. 307, 378 P.2d 579], stated, "It has often been held that if the releaser was under a misapprehension, not due to his own neglect, as to the nature and scope of the release, and if this misapprehension was induced by the misconduct of the releasee, then the release, *regardless of how comprehensively worded,* is binding only to the extent actually intended by the releaser." (*Casey* v. *Proctor, supra,* 59 Cal.2d at p. 103, italics added; see also *DuBois* v. *Sparrow* (1979) 92 Cal.App.3d 290, 298 [154 Cal.Rptr. 717].)

In *Casey,* the defendant asserted as an affirmative defense to the plaintiff's action for personal injuries that plaintiff had signed a release discharging all liability. *Casey* involved alleged injuries resulting from an automobile accident. Four days after the accident, a representative of the defendant's insurer interviewed the plaintiff. Although the subject of personal injuries was not discussed, the plaintiff appeared to be uninjured. Plaintiff later signed a "release of all claims" which he had received by mail, allegedly under the subjective belief the release pertained only to property damages. The court held the release to be valid because there was no evidence of "any fraud, misrepresentation, deception, overreaching, or other unfair conduct" by the defendant or the insurer. (*Casey* v. *Proctor, supra,* 59 Cal.2d at p. 103.)

---

[1] A small minority of courts hold to the view that if the releasor is literate, fraud in the factum will not serve to void a release. (See Havighurst, *Problems Concerning Settlement Agreements* (1958) 53 Nw.U.L.Rev. 283, 305.) This argument, asserted by the respondents in the instant case, asserts the releasor is negligent for failing to read the document and, as a result, there is no justifiable reliance upon the fraudulent representations. This stance has been criticized by one commentator as "harsh" and "quite blind to the realities." (*Ibid.*)

In the instant case, however, evidence has been presented by appellant which, if accepted, suggests misrepresentation and fraud in the factum on the part of Twentieth Century. In contrast, there was no indication in *Casey* the insurance company had made any misrepresentation regarding the release. Frusetta stated in her declaration that a Twentieth Century adjuster had indicated in a telephone conversation Frusetta would receive the $250 check as partial payment. This evidence was contradicted by respondents, who allege it was against the policies of Twentieth Century to issue partial payments without additional documentation. Therefore, a triable issue of fact exists as to whether a Twentieth Century adjuster represented to Frusetta the check was in partial payment only. Furthermore, a triable issue exists as to whether Frusetta's claimed misapprehension of the nature of the release was induced by Twentieth Century.

Respondent alleges any misunderstanding by Frusetta was the result of her negligence in failing to examine the plain language on the face of the check, which detailed the terms of the release. Nonetheless, it is not decisive that the release was "comprehensively worded" if Twentieth Century induced Frusetta to misunderstand its terms. (*Casey v. Proctor, supra,* 59 Cal.2d at p. 103.)[2]

In cases providing the opportunity for overreaching, the releasee has a duty to act in good faith and the releaser must have a full understanding of his legal rights. (*Jordan v. Guerra* (1943) 23 Cal.2d 469, 476 [144 P.2d 349]; *Carr v. Sacramento Clay Products Co.* (1917) 35 Cal.App. 439, 447 [170 P. 446].) Furthermore, it is the province of the jury to determine whether the circumstances afforded the opportunity for overreaching, whether the releasee engaged in overreaching and whether the releaser was misled. (*Jordan v. Guerra, supra,* 23 Cal.2d at p. 476.)

In the instant case, it is clearly possible that a jury might find the circumstances demonstrated fraud or overreaching on the part of Twentieth Century. If a jury accepted appellant's testimony a Twentieth Century adjuster stated to her the check was a partial settlement and the rest would be paid later, then it might be found Twentieth Century violated its duty to act in good faith. Under the definition of "inducing cause" set forth in the Restatement Second of Contracts section 167, such a statement by an adjuster might be viewed as "substantially contributing" to a releasor's manifestation of assent. Frusetta's claimed lack of understanding of her legal rights at

[2] The attitude of many courts seems to be that, regardless of how explicit the terms of the release, an equitable approach should be applied to the issue of avoidance of such contracts based upon fraud or mistake. The terms of the release may serve as evidence of the actual intention of the parties, but should not be given controlling effect. (Annot. (1960) 71 A.L.R.2d 82, 156.)

the time the check was deposited also supports the possibility of overreaching. Therefore, a triable issue of fact exists as to whether Twentieth Century engaged in fraudulent or overreaching conduct, thereby inducing Frusetta to misapprehend the provisions of the release.

Appellant cites several cases in which the provisions of a release were disregarded based upon a showing of misconduct, fraud or misrepresentation.[3] Respondent correctly notes each of these cases appear to present a stronger showing of misconduct than the instant case. Of these cases, *DuBois* v. *Sparrow, supra,* 92 Cal.App.3d 290, poses circumstances of overreaching most nearly resembling those asserted by the appellant in the instant case. In *DuBois,* the showing of misconduct was supported by evidence Safeco Insurance Company represented both the plaintiff and defendant in an automobile accident case. The adjuster for Safeco failed to disclose to the plaintiff that both parties were insured by Safeco. While acting in the interest of the defendant, the adjuster assisted the plaintiff in obtaining payments for medical expenses, car repairs and lost wages due under plaintiff's policy. After thus developing a relationship of trust with the plaintiff, the adjuster induced the plaintiff to sign a general release of claims against the defendant.

In *DuBois,* the plaintiff stated she was led to believe this release was simply an acknowledgment of the receipt of payments made under the policy. Plaintiff had received four previous drafts from Safeco as reimbursement for medical expenses, car expenses and lost wages. She had incurred further expenses in each of these categories and claimed she believed the release was simply acknowledgment of receipt of an additional draft. The *DuBois* court found the existence of a triable issue of fact based principally upon the absence of an arm's length relationship between plaintiff and the insurance company, as demonstrated by Safeco's representation of both sides in the case. (*DuBois* v. *Sparrow, supra,* 92 Cal.App.3d at p. 300.) However, the court also based its decision upon " 'careful[ ] scrutin[y] to discover whether the defendant has dealt fairly with the plaintiff.' " (*Ibid.,* quoting *Jordan* v. *Guerra, supra,* 23 Cal.2d at p. 477.) Although the instant action does not present the same conflict of interest attributed to the insurance company in *DuBois,* a jury might find Twentieth Century did not deal fairly with Frusetta. If a Twentieth Century adjuster told Frusetta the check was only a partial settlement, as appellant stated in her declaration, such conduct would clearly establish unfair dealing on the part of Twentieth Century.

A strong showing of misconduct is not necessary to demonstrate the existence of a triable issue of fact. In *Jack* v. *Wood, supra,* 258 Cal.App.2d

---

[3] See *DuBois* v. *Sparrow, supra,* 92 Cal.App.3d 290; *Jack* v. *Wood* (1968) 258 Cal.App.2d 639 [65 Cal.Rptr. 856]; *Jordon* v. *Guerra, supra,* 23 Cal.2d 469.

639, which also involved a determination of the validity of a release, the court noted, "[o]nly a slight showing is needed to raise a triable issue of fact, nor is it required that all elements of the cause of action need be substantiated by evidence. [Citation]." (*Jack* v. *Wood, supra,* 258 Cal.App.2d at p. 648.)

In *Jack,* the plaintiff sought to bring an action for personal injuries resulting from a fall against the maintenance operator of a building. Plaintiff signed a release of the building's owners and their agents based upon the owners' statement the maintenance company was an independent contractor. In fact, however, the maintenance company had a relationship of agency with the owners of the building. The *Jack* court found a triable issue of fact as to misrepresentation. (*Jack* v. *Wood, supra,* 258 Cal.App.2d at p. 648.)

■ The California Supreme Court has explained why courts should be reluctant to take away from the jury the issue of the validity of releases obtained from injured persons. " ʻ. . . "No release of this nature should be upheld if *any* element of fraud, deceit, oppression, or unconscionable advantage is connected with the transaction. And in passing on the validity of such release, when assailed, *all surrounding conditions* should be fully developed, and the relative attitudes of the contracting parties clearly shown. So that the *jury,* in the clear light of the whole truth, *may rightly decide* which story bears the impress of verity." ʻ " (Italics added.) (*DuBois* v. *Sparrow, supra,* 92 Cal.App.3d at p. 300 [quoting *Jordon* v. *Guerra, supra,* 23 Cal.2d at p. 477].)

■ The instant case may not be decided by a summary judgment without a thorough exploration of the facts and circumstances surrounding the release. Based upon the pleadings and declarations, the circumstances surrounding Frusetta's acceptance of the release are far from clear. The actions and intentions of Frusetta and Twentieth Century are likewise the subjects of dispute. As a result, this case is not appropriate for summary judgment. A court may consider presumptions and draw inferences from the facts adduced only where the inference is the only reasonable one that may be drawn. (*See Hooks* v. *Southern Cal. Permanente Medical Group* (1980) 107 Cal.App.3d 435, 441 [142 Cal.Rptr. 646]; *Hirsch* v. *Blish* (1977) 76 Cal.App.3d 163, 166 [165 Cal.Rptr. 741].) Based upon the facts presented in Frusetta's declaration and the respondents' opposing allegations, there is no single reasonable inference which may be drawn as to the existence of misrepresentation by Twentieth Century as to the true nature of this $250 check.

## DISPOSITION

The summary judgment is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion. Appellant to receive her costs on appeal.

Lillie, P. J., and Woods (Fred), J., concurred.

Respondents' petition for review by the Supreme Court was denied May 2, 1990. Panelli, J., was of the opinion that the petition should be granted.