Filed 1/14/15  Santiago, Rodnunsky & Jones v. Spahl CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SANTIAGO, RODNUNSKY & JONES, | B254488 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. LC096375) |
| STEVEN SPAHL et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Huey P. Cotton, Judge.  Affirmed.

Law Offices of G. Marshall Hann and G. Marshall Hann for Defendants and Appellants.

Benedon & Serlin, Douglas G. Benedon and Wendy S. Albers for Plaintiff and Respondent.

Steven Spahl and Donny Spahl (appellants) appeal from a judgment in favor of respondent Santiago, Rodnunsky & Jones (respondent) entered after respondent, who was the plaintiff in the trial court, successfully moved for summary judgment of its claim for breach of written settlement agreement. We affirm.

## FACTUAL BACKGROUND

Respondent law firm represented appellants for approximately four years in trust litigation. Appellants terminated respondent and retained new counsel on April 15, 2009.

At the time of termination, respondent contended that appellants owed respondent $717,908.43 in unpaid legal fees.

In June 2009, respondent filed an arbitration action against appellants to recover its legal fees. The parties eventually settled the fee dispute and on November 10, 2009, entered into a written settlement agreement. Under the terms of the settlement agreement, appellants would pay respondent $460,000 immediately, and an additional $103,000 from any subsequent distribution of funds or, if no funds were available for distribution, from the sale of certain property. In exchange, respondent agreed to dismiss its arbitration action.

The settlement agreement contained a mutual general release. Each party agreed to fully release and discharge the other "from all rights, claims, and actions which each party and [their] successors now have against the other party . . . stemming from their differences arising from the subjects of the complaints."

The parties also explicitly waived all claims against each other "whether those injuries, damages, or losses are known or unknown, foreseen or unforeseen, patent or latent."

The parties further certified that they had read Civil Code section 1542 (section 1542), and expressly waived its protections.[1] The agreement specifically stated that the

---

[1]    Section 1542 provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

2

parties "consciously intend" to waive all claims, even those which the parties "do not know exist, and which, if known, would materially affect their decision to execute this release, regardless of whether their lack of knowledge is the result of ignorance, oversight, error, negligence, or any other cause."

The parties warranted that, in executing the agreement, they had relied on their attorney of choice and that they fully understood the consequences of the agreement.

On November 11, 2009, appellants made a payment of $460,000 to respondent as required by the terms of the settlement agreement. However, appellants failed to pay the remaining $103,000 due under the agreement.

## PROCEDURAL HISTORY

On February 16, 2012, respondent filed its complaint against appellants for breach of the settlement agreement. On September 27, 2013, respondent filed its motion for summary judgment, or in the alternative, summary adjudication (summary judgment motion). Respondent argued there were no triable issues of fact as to any of the elements of its claim for breach of contract. Respondent attached a declaration of Artemio M. Santiago (Santiago declaration) in support of its motion, as well as a separate statement of undisputed material facts.

Appellants filed their opposition on December 5, 2013. Appellants attached evidentiary objections to the Santiago declaration. In their separate statement, appellants admitted to settling the arbitration proceeding for $563,000. They also admitted paying $460,000 to respondent. They admitted that under the terms of the settlement document, respondent is owed an additional $103,000. Finally, appellants admitted they received subsequent distributions from the trust litigation.

However, appellants disputed that they owed respondent the remaining $103,000 due to discrepancies in the calculation of the fees underlying the arbitration. To their opposition to the summary judgment motion they attached a declaration of Bill Marsh (Marsh), a friend of appellants' who was personally present throughout the trust litigation and spoke with respondent on numerous occasions. Marsh declared that he asked Santiago numerous times for an itemized bill in January through March of 2009 . None

3

was provided until February 12, 2010 -- after the November 2009 settlement agreement had been signed.

In its reply brief, filed December 13, 2013, respondent argued that any facts appellants learned after signing the settlement agreement cannot create a triable issue because appellants released any and all claims against respondent when they signed the settlement agreement.

Respondent's summary judgment motion was heard on January 2, 2014. The court granted the motion and stated that its tentative ruling would be the order of the court. In the tentative ruling, the court explained that respondent met its burden of proving the existence of a written agreement and breach of that agreement. As to appellants' claims that it did not sign the agreement with full knowledge, the court stated, "there is no explanation regarding why the [appellants] entered into a legally binding settlement agreement before they had all the information they needed." Appellants "provided no facts that would allow the court to decline to enforce the settlement agreement." There was "no evidence of duress, mutual mistake, fraud, etc." In short, the court concluded, appellants "raised no triable issue of fact."

On February 27, 2014, appellants filed their notice of appeal.

## DISCUSSION

### I. Standard of review

The standard of review for an order granting or denying a motion for summary judgment is de novo. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860 (*Aguilar*).) The trial court's stated reasons for granting summary relief are not binding on the reviewing court, which reviews the trial court's ruling, not its rationale. (*Kids' Universe v. In2Labs* (2002) 95 Cal.App.4th 870, 878.)

A party moving for summary judgment "bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law." (*Aguilar, supra*, 25 Cal.4th at p. 850, fn. omitted.) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the

4

applicable standard of proof." (*Ibid.*, fn. omitted.) "A defendant bears the burden of persuasion that 'one or more elements of' the 'cause of action' in question 'cannot be established,' or that 'there is a complete defense' thereto. [Citation.]" (*Ibid.*)

Generally, "the party moving for summary judgment bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact; if he carries his burden of production, he causes a shift, and the opposing party is then subjected to a burden of production of his own to make a prima facie showing of the existence of a triable issue of material fact. . . .  A prima facie showing is one that is sufficient to support the position of the party in question. [Citation.]" (*Aguilar, supra*, 25 Cal.4th at pp. 850-851, fn. omitted.)

## II.  Respondent's prima facie showing

The elements of a cause of action for breach of contract are: "'(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom. [Citation.]' [Citation.]" (*Wall Street Network, Ltd. v. New York Times Co.* (2008) 164 Cal.App.4th 1171, 1178.)  A settlement agreement is governed by the same rules applicable to other contracts. (*Winet v. Price* (1992) 4 Cal.App.4th 1159, 1165.)

In its motion for summary judgment, respondent set forth a prima facie case for breach of the settlement agreement.  Respondent showed the existence of the settlement agreement, which provided that appellants would pay respondent the sum of $563,000, with $460,000 due immediately and an additional $103,000 upon subsequent distribution of funds from the trust that was the subject of the underlying litigation.  Respondent showed that it performed its obligation under the agreement by dismissing its claims against appellants.  Respondent also provided evidence that while appellants paid the initial $460,000 due under the agreement, appellants failed to pay the outstanding $103,000 owed to respondent, and that respondent has been damaged in this amount.

Having set forth a prima facie case for breach of the settlement agreement, the burden shifted to appellants to raise a triable issue of fact.

5

## III. Appellants have failed to raise a triable issue of material fact

Appellants argue that they have raised triable issues of material fact by denying several of the facts set forth in respondent's separate statement. Specifically, appellants claim that their denial of material fact Nos. 5,7, 8, 9, 10, 14, 15, 16, 17, and 19 mandate denial of respondent's summary judgment motion.

A review of appellants' opposition to respondent's separate statement reveals that appellants' disputes do not concern facts that are material to this breach of contract case.

Respondent's undisputed material fact No. 5 states: "Despite [respondent's] diligent representation, on April 15, 2009, [appellants] terminated [respondent] and retained new counsel, McNally & Associates." Appellants do not dispute that they terminated respondent. Instead, they dispute respondent's characterization of the representation as diligent. Appellants state: "The basis of the termination was the lack of diligent representation and the pre-occupation of [respondent] with getting as much money in this case as possible."

The reason for respondent's termination in the trust litigation is irrelevant to this proceeding for breach of the settlement agreement. Thus, this dispute does not provide a basis for reversal of the trial court's judgment. (*Zavala v. Arce* (1997) 58 Cal.App.4th 915, 926 ["to be 'material' a fact must relate to some claim or defense *in issue* under the pleadings"].)

Respondent's undisputed fact No. 7 indicates that at the time respondent was terminated, appellants owed $717,908.43 in unpaid attorney fees. Appellants dispute the amount owed, stating that they "did not know how much the actual attorneys fees were, nor how much they should be, given the credits and offsets."

The precise amount of attorney fees owed at the time that appellants terminated respondent is irrelevant to this dispute. Any such amount was superseded by the settlement agreement signed in November 2009. This disputed fact is not material to the current proceeding, and does not provide a basis for reversal.

Respondent's undisputed fact No. 8 states that "[b]ecause [appellants] failed to pay the attorneys' fees, [respondent] was forced to file an arbitration claim seeking

payment." In disputing this fact, appellants again attack the underlying fees, claiming "[t]he attorney fees [respondent] wants are wrong and fraudulent." Appellants claim that they "did not have the breakdown of attorneys fees" until "after the Arbitration and after the Settlement Agreement was entered into by [appellants]." However, pursuant to the terms of the settlement agreement at issue here, appellants have explicitly waived any such arguments of unfairness. Again, appellants' dispute does not raise a triable issue of material fact.

In its undisputed fact No. 9, respondent sets forth the allegation against appellants contained in its arbitration claim. In response, appellants dispute that they owed the $717,908.43 alleged in the arbitration claim, but admit that it was the amount claimed by respondent. As set forth above, the accuracy of respondent's initial claim for attorney fees is now irrelevant. Only the settlement agreement is at issue.

Respondent's undisputed fact No. 10 states that as a result of the arbitration, respondent and appellants entered into a settlement agreement, including a waiver of section 1542 and other express waiver provisions. Appellants response is: "Denied as a result of the statements, half truths and subsequent discovery, that [respondent] was aware of prior to agreeing to the Settlement Agreement and the resolution of Arbitration." In short, appellants do not deny that they entered into the agreement. "'An issue of fact can only be created by a conflict of evidence.'" (*Brown v. Ransweiler* (2009) 171 Cal.App.4th 516, 525.) Appellants' denial is nonsensical, vague, and irrelevant, and fails to create a triable issue of fact. (*Ibid.* ["'an issue of fact is not raised by "cryptic, broadly phrased, and conclusory assertions". . . or mere possibilities . . .'"].)

Respondent's undisputed fact Nos. 14, 15 and 16 explain the terms of the agreement concerning the outstanding $103,000 owed. Number 14 states that "[t]he remaining $103,000 owed to [respondent] was to be paid by [appellants] from any subsequent distribution of funds owed to [appellants] from the Franz Spahl Inter Vivos Trust (Section 2(a)(ii))." Numbers 15 and 16 explain that the outstanding $103,000 was to be paid before any other distributions were made to appellants by the trust, and that in the event that there were no remaining funds for distribution, the remaining $103,000 was

7

to be paid from the sale of certain property.  In response to each of these undisputed material facts, appellants admit that the agreement says this, but deny owing the money.  However, they provide no evidence suggesting that the payment was made.  As set forth above, these blanket denials and conclusory allegations are insufficient to create a triable issue of fact.  (*Nelson v. United Technologies* (1999) 74 Cal.App.4th 597, 614 [non-moving party may not "'"rest[] merely upon conclusory allegations, improbable inferences, and unsupported speculation"'"].)

Respondent's undisputed fact No. 17 states that appellants further agreed to execute a promissory note payable to respondent in the amount of $103,000 secured by a deed of trust on certain property and payable in full with interest no later than May 1, 2010.  Appellants again attempt to create a dispute, stating:  "The promissory note agreement was made before [appellants] knew of the actual amount of attorneys fees, and before the fraudulent intent and misrepresentations by [respondent].  The execution of the promissory note was not made because of the [appellants'] discovery of these facts and events."

These irrelevant allegations fail to defeat summary judgment.  The agreement in question contains explicit waivers of the protections of section 1542, and specifically states that the parties consciously intended to waive all claims, even those which the parties "do not know exist, and which, if known, would materially affect their decision to execute this release, regardless of whether their lack of knowledge is the result of ignorance, oversight, error, negligence, or any other cause."  Given the scope of the waiver to which appellants freely agreed, appellants cannot defeat summary judgment by claiming that they now have information which would have caused them to decline to enter the settlement agreement.

Appellants cite case law which, they argue, supports their position that the broad releases contained in the agreement do not bar their current defenses.  We find the cases readily distinguishable.  The first, *DuBois v. Sparrow* (1979) 92 Cal.App.3d 290 (*DuBois*), was a personal injury lawsuit arising out of an automobile collision.  The plaintiff had allegedly signed a release in favor of the defendants covering all liability

8

resulting from the accident in exchange for the sum of $2,240 "'for the purpose of paying and discharging her medical, hospital and doctor bills incurred to that date and to acquire a new automobile.'" (*Id.* at p. 293.) The plaintiff admitted to signing the document but contended that it was blank at the time, and was later altered or changed. Her counsel also argued that her signature could have been traced or copied onto the alleged agreement. The trial court granted nonsuit in favor of the defendants based on testimony from an insurance adjuster that the plaintiff had signed in his presence, which, the trial court felt, "authenticated" the document. (*Id*. at pp. 295-296.) The Court of Appeal reversed, finding that there was "substantial evidence from which the jury could have found that exhibit A was not authenticated as an agreement between plaintiff and defendants." (*Id*. at p. 296.)

Furthermore, the appellate court found, "if the release was authentic, there was substantial evidence that plaintiff was under a misapprehension as to its scope, which was induced by defendants' overreaching." (*DuBois, supra*, 92 Cal.App.3d at p. 296.) The court went on to explain that the insurance adjuster had acted as the plaintiff's insurer and failed to reveal that the defendants were covered by the same insurance company. "As a result of [the insurance adjuster's] courteous and helpful treatment, plaintiff came to place trust and confidence in [the insurance adjuster]." (*Id*. at p. 300.) However, in obtaining the release on behalf of the defendants, the insurance adjuster "adopted an entirely contradictory posture toward plaintiff, one in which his position was adverse to her interests." (*Ibid*.) Under the circumstances, there was ample evidence for a jury to find the release invalid.

No such circumstances exist here. There is no question as to the validity of the document. Appellants were represented by independent counsel. They warranted that they relied on that counsel and fully understood the consequences of the agreement. In sum, the evidence of fraud and misrepresentation that existed in *DuBois* is not present in this case.

Appellants also rely on *Frusetta v. Hauben* (1990) 217 Cal.App.3d 551 (*Frusetta*), another personal injury case resulting from an automobile collision. In *Frusetta*, the

defendants moved for summary judgment on the ground that the plaintiff had deposited a check from defendants' insurer stating that it was in full and final settlement of all bodily injury claims. Plaintiff opposed the motion on the ground that one of the insurance adjusters had told her that it was only partial settlement.

The defendants' summary judgment motion was granted by the trial court, but reversed by the Court of Appeal. The Court of Appeal cited the plaintiff's statement that, based on the statements of an insurance adjuster, she understood that the check was in partial settlement of her claims. The court noted that the plaintiff was not represented by counsel, nor was she advised that she could retain counsel. (*Frusetta, supra*, 217 Cal.App.3d at p. 555.) Instead, she relied upon the statements of the insurance adjuster. The Court of Appeal found that a triable issue of fact existed as to fraud or overreaching by the insurance company. "If a jury accepted appellant's testimony that a Twentieth Century [Insurance Company] adjuster stated to her that the check was a partial settlement and the rest would be paid later, then it might be found that Twentieth Century violated its duty to act in good faith." (*Id*. at p. 558.) The appellate court concluded, "[t]he instant case may not be decided by a summary judgment without a thorough exploration of the facts and circumstances surrounding the release." (*Id*. at p. 560.)

Appellants in this case raise no suggestion of the type of fraud or misrepresentation at issue in *DuBois* and *Frusetta*. Appellants were represented by counsel of their choice and freely agreed to sign the settlement. Having asked for a final accounting several times prior to signing the release, appellants had full knowledge that they were signing the agreement without the benefit of the information that might be contained in that accounting. Nevertheless, they settled the case and expressly waived any unknown claims that might arise.

Appellants have failed to raise a triable issue of fact as to respondent's breach of contract claim. The contract existed, respondent fully performed, and appellants breached. As set forth above, appellants' current complaints that they signed the agreement without full knowledge of the amount owed are irrelevant and cannot serve to

10

create a triable issue of material fact due to the broad waivers that appellants expressly accepted.

## IV. The trial court did not abuse its discretion in denying appellants' evidentiary objections

Appellants argue that they filed objections to the Santiago declaration and the trial court did not rule on their objections. Appellants' objections concerned Santiago's personal knowledge of the initial retainer agreement between respondent and appellants. Appellants argue that the trial court erred in failing to sustain their objections because the initial retainer agreement was never signed by Santiago, nor is there any indication that he was present at the time that it was signed.

The summary judgment statute authorizes declarations, such as the one provided by Santiago, to support summary judgment motions. (Code Civ. Proc., § 437c, subd. (b)(1).) If a trial court "fails to rule expressly on evidentiary objections relating to a summary judgment motion, the court's silence 'effects an implied overruling of all objections.'" (*Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 525.) We review these implied rulings under the deferential abuse of discretion standard. (*DiCola v. White Brothers Performance Products, Inc*. (2008) 158 Cal.App.4th 666, 679.) The trial court's ruling on admissibility "'implies whatever finding of fact is prerequisite thereto.'" (*Miyamoto v. Department of Motor Vehicles* (2009) 176 Cal.App.4th 1210, 1218.) We may only overturn a trial court's discretionary ruling upon a clear showing of abuse. (*Ibid*.)

We find that the trial court did not abuse its discretion in admitting the attorney-client retainer agreement over appellants' objections that Santiago did not have personal knowledge of the contract. Santiago attested to the fact that he had personal knowledge of all of the facts set forth in his declaration. He also attested that he is a partner in respondent law firm. Further, he stated that the contract attached to his declaration was a true and correct copy of the attorney-client agreement between respondent and appellants. The declaration was signed under penalty of perjury under the laws of the State of California.

11

Given that Santiago is a named partner in respondent law firm, and was representing respondent at the time of the summary judgment proceedings, the trial court did not abuse its discretion in implicitly overruling appellants' objections.

## V. The procedural issues raised by appellants do not constitute reversible error

Appellants raise several procedural issues. First, appellants object that the trial court did not "specify the reasons for its determination," as required by law. (Code Civ. Proc., § 437c, subd. (g).) As appellants point out, the court is required to specify its reasons for granting a motion for summary judgment "by written or oral order." (*Ibid*.) "The order shall specifically refer to the evidence proffered in support of, and if applicable in opposition to, the motion which indicates that no triable issue exists." (*Ibid*.) Appellants argue that the trial court's statement in this matter did not meet these requirements.

A statement of reasons is sufficient if it allows for meaningful appellate review. (*W. F. Hayward Co. v. Transamerica Ins. Co.* (1993) 16 Cal.App.4th 1101, 1111.) The order should refer to evidence in opposition to the motion only if such evidence is applicable. (*Truck Ins. Exchange v. Amoco Corp.* (1995) 35 Cal.App.4th 814, 829.) An adequate statement of reasons will leave "'no question about the reason this motion for summary judgment was granted.'" (*Ibid*.)

We find the trial court's statement to be sufficient under these standards. The court provided a two-page tentative decision, which became the order of the court. The court discussed its finding that respondent met its burden of showing breach of contract, specifically referring to the Santiago declaration. The trial court then discussed appellants' evidence "attempting to attack the settlement agreement." The court explained that this evidence was not relevant given that the retainer agreement was superseded by the settlement agreement. In sum, the trial court stated, appellants provided no evidence to allow the court to decline to enforce the settlement agreement. This statement adequately sets forth the trial court's reasoning and allows for meaningful review. Reversal is not required.

Appellants next claim that respondent filed its reply brief late. Appellants filed a written objection to the late-filed brief. Appellants pointed out that pursuant to Code of Civil Procedure section 1013a, service should have been effected by December 10, 2013, yet service was not made until December 13, 2013. Appellants provided no information or argument suggesting that they were prejudiced by the three-day delay in receiving the document.

The trial court has discretion to consider late documents where there is no prejudice to the opposing party. (*Hoover Community Hotel Development Corp. v. Thomson* (1985) 168 Cal.App.3d 485, 488 ["a trial court has broad discretion in allowing relief from a late filing where, as here, there is an absence of a showing of prejudice to the opposing party"], fn. omitted.) In fact, without evidence of such prejudice, it may be an abuse of discretion for the trial court to fail to consider the tardy document. (*Kapitanski v. Von's Grocery Co.* (1983) 146 Cal.App.3d 29, 32-33 [trial court abused its discretion in failing to read and consider late-filed declaration where defendant did not show that it would suffer prejudice or that injustice would result].) When prejudice is caused by a late-filed or served document, the appropriate remedy is to continue the hearing and order the offending party to pay reasonable costs. (*Id*. at p. 33.) Under the circumstances of this case, the trial court did not abuse its discretion in considering the untimely-served reply where there was no showing of prejudice to the appellants.

Finally, appellants claim that respondent's separate statement failed to comply with the format prescribed in California Rules of Court, rule 3.1350(h). In particular, appellants claim that respondent combined issues without stating whether the undisputed material facts and supporting evidence apply to each issue separately or concurrently.

Appellants fail to provide a citation to the record indicating that they raised this objection in the trial court. The trial court had the authority to provide appellants the opportunity to re-submit the statement without the alleged errors. (*Parkview Villas Assn., Inc. v. State Farm Fire & Casualty Co.* (2005) 133 Cal.App.4th 1197, 1211 (*Parkview*) ["the proper response in most instances, if the trial court is not prepared to address the merits of the motion in light of the deficient separate statement, is to give the opposing

13

party an opportunity to file a proper separate statement rather than entering judgment against that party based on its procedural error"].)

The purpose of the separate statement is to "give the parties notice of the material facts at issue in the motion and to permit the trial court to focus on whether those facts are truly undisputed. [Citation.]" (*Parkview, supra*, 133 Cal.App.4th at p. 1210.) Without a citation to the record indicating that this issue was raised and addressed in the trial court, we assume that the separate statement filed by respondent was sufficient for the trial court to proceed with the motion. Any objection to the format of the separate statement is forfeited.

## DISPOSITION

The judgment is affirmed. Respondent is awarded its costs of appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
CHAVEZ

We concur:


_____, P. J.
BOREN


_____, J.
ASHMANN-GERST

14